IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, a/k/a ALEX ANDREWS, and THE INTERNET ARCHIVE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and JEFFERSON B. SESSIONS, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Defendants. | Case No. _____ |

**DECLARATION OF ALEXANDRA FRELL LEVY**

Pursuant to 28 U.S.C. § 1746, I, ALEXANDRA FRELL LEVY, hereby declare as follows:

1. I am an adjunct professor at Notre Dame Law School and a senior staff attorney at the Human Trafficking Legal Center. I give this declaration in my personal capacity and not on behalf of any organization.

2. I created and teach Notre Dame Law School's only course on human trafficking. My course includes substantial coverage of intermediary liability for sex trafficking offenses. I have also taught guest courses and delivered lectures on topics related to human trafficking, intermediary liability, and black markets at universities across the United States and in Europe.

/ / /

/ / /

3. My article entitled "The Virtues of Unvirtuous Spaces," published last year in the Wake Forest Law Review, analyzes the sex trafficking-related repercussions of holding platforms accountable for third-party content. It concluded that allowing online platforms to host content related to sex work without fear of liability fosters efforts to apprehend traffickers and recover victims. *See The Virtues of Unvirtuous Spaces*, 50 WAKE FOREST L. REV. 403 (2017), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=2994114.

4. I have given interviews on issues related to the Allow Victims to Fight Online Sex Trafficking Act ("FOSTA") to National Public Radio's Marketplace and Vox's Today Explained, and I contribute regularly to the Technology & Marketing Law Blog on the topic of FOSTA's implications for anti-trafficking advocacy. My work on this subject has been covered by Reason, Bloomberg Law, and Ars Technica, among other publications.

5. There is no good evidence that the internet has caused an increase in child sex trafficking or that it has put more minors at risk of being victimized. FOSTA's proponents frequently point to a recent rise in reports of suspected commercial sexual exploitation of minors as evidence that platforms are responsible for an "explosion in sex trafficking." Shared Hope, "White Paper: Online Facilitation of Domestic Minor Sex Trafficking" (August 2014), http://sharedhope.org/wp-content/uploads/2014/09/Online-Faciliator-White-Paper-August-2014.pdf (noting that "[t]echnology, including classifieds websites, is widely viewed as responsible for the explosion in sex trafficking in the United States"). Besides the lack of evidence that the internet is *causing* a rise in sex trafficking, there is some reason to doubt that sex trafficking has increased *in the first place*. See *Backpage.com, LLC v. Dart*, 807 F.3d 229 (7th Cir. 2015) (No. 15-3047) (discussing evidence that trafficking may have declined in the early 2000s).

6. The argument that the internet has caused an increase in child sex trafficking is flawed insofar as it conflates the frequency with which sex trafficking is *reported* with the frequency with which it *happens*. Indeed, it ignores the critical possibility that the rise in reports is due to the fact that platforms make it easier to notice and alert law enforcement to trafficking.

7. If FOSTA succeeds in shutting down high-traffic, high-visibility websites, it will suppress a key means of detecting and reporting sex trafficking, thus decreasing trafficking victims' chances of being recovered. Victims who are trafficked on high-visibility websites are regularly discovered by family members, good Samaritans, and non-profit organizations. *See, e.g.* Caitlin Randle, Brother takes action after girl, 14, is advertised online for sex, officers say, Sun Sentinel (Aug 11, 2017), http://www.sun-sentinel.com/local/broward/deerfield-beach/fl-sb-deerfield-man-teen-sex-arrest-20170810-story.html (describing how a runaway teenager was recovered when her brother "used [her] ad's listed phone number to take the action that led to the [trafficker's] arrest"); Nicholas Kristof, Opinion, Making Life Harder for Pimps, N.Y. Times (Aug. 6, 2015), https://www.nytimes.com/2015/08/06/opinion/nicholas-kristof-making-life-harder-for-pimps.html (describing how a journalist "pulled out [his] laptop, opened up Backpage and quickly found seminude advertisements for [a teenage runaway]," leading to her recovery). I know of no accounts of victims trafficked in less-visible venues (for instance, on the street) being found or recovered this way.

8. FOSTA's expansive definition of venture participation under 18 U.S.C. § 1591(e)(4), paired with the exposure to civil liability for third-party content it creates under 47 U.S.C. § 230(e)(5)(A) and state criminal actions under 47 U.S.C. § 230(e)(5)(B), exposes websites to potentially severe consequences for continuing to operate while merely *knowing* about trafficking. *See* 18 U.S.C. § 1591(e)(4). Read in conjunction with 18 U.S.C. § 1591(a)(2),

this new provision exposes anyone who knowingly benefits from knowingly supporting an entity that knowingly advertises a minor's sexual services to a potential life sentence. *See* 18 U.S.C. § 1591(b)(1). FOSTA thus incentivizes websites to turns a blind eye to suspicious posts, compromising yet another mechanism for reaching victims. Before FOSTA was passed, websites' content moderators regularly collaborated with law enforcement and the National Center for Missing and Exploited Children (NCMEC) to find problematic content and recover possible minor victims. *See, e.g.* Tom Jackman, Under attack, Backpage.com has its supporters as anti-trafficking tool. But many differ., The Washington Post (July 18, 2017), https://www.washingtonpost.com/news/true-crime/wp/2017/07/18/under-attack-backpage-com-has-its-supporters-as-anti-trafficking-tool-but-many-differ/?utm_term=.da55f3bb7235.

9. To be sure, classified advertising websites came under fire for not doing enough. NCMEC's strong denunciation of Backpage's handling of problematic material may have been instrumental in getting FOSTA passed. *See* Statement to the United States House of Representatives by Yiota G. Souras, "Latest Developments in Combating Online Sex Trafficking" (Nov 30, 2017), https://docs.house.gov/meetings/IF/IF16/20171130/106657/HHRG-115-IF16-Wstate-SourasY-20171130-U20.pdf. But one might question the wisdom of punishing intermediaries for not doing *enough* by passing a law that threatens them with criminal and civil liability if they do *anything*.

10. I declare under penalty of perjury of the laws of the State of Indiana and the United States of America that the foregoing is true and correct to the best of my knowledge. Executed on this 27th day of June 2018 at South Bend, Indiana

*Alexandra Frell Levy*
Alexandra Frell Levy

4