# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, a/k/a ALEX ANDREWS, and THE INTERNET ARCHIVE, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA and JEFFERSON B. SESSIONS, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, <br><br> Defendants. | Case No. 1:18-cv-1552 |

## [PROPOSED] ORDER

Upon consideration of the Motion for Preliminary Injunction and supporting papers of Plaintiffs Woodhull Freedom Foundation, Human Rights Watch, Eric Koszyk, Jesse Maley a/k/a Alex Andrews, and The Internet Archive, and Defendants' opposition thereto, together with the arguments of the parties, the Court makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

Plaintiffs are advocacy and human rights organizations, two individuals and the leading archival collection of Internet content. Each either operates online services like websites, social media accounts, and applications as part of speech and advocacy in support of sex workers; otherwise provides resources and information to sex workers; hosts the speech of others who provide such information; or relies on platforms in order to seek information or share their own speech. FOSTA's direct prohibitions on speech "facilitating the prostitution of another person" and other vague, ambiguous and overbroad provisions conflating sex work with sex trafficking

cast serious doubt on the legality of Plaintiffs speech, or, in the case of Plaintiff Koszyk, have left him without a platform to advertise his non-sexual services.

The Court finds that it should grant preliminary injunctive relief in this case "to maintain the status quo pending a final determination of the merits" of Plaintiffs' constitutional challenge to FOSTA, *Smoking Everywhere, Inc. v. FDA*, 680 F. Supp. 2d 62, 78 (D.D.C. 2010), because "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

Initially, a preliminary injunction is appropriate when the plaintiff demonstrates likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest. *Pursuing America's Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Court finds that Plaintiffs are likely to succeed on the merits of their First and Fifth Amendment claims because FOSTA as a whole is both overbroad and fails to satisfy First Amendment strict scrutiny, its individual provisions are vague, and it contains an unconstitutional *ex post facto* provision. FOSTA targets online speech by (1) creating a new federal offense for anyone who "owns, manages, or operates an interactive computer service" with the intent to "promote" or "facilitate" prostitution, (2) expanding potential liability for federal sex trafficking offenses based on speech, and (3) diluting the speech-protective immunity provision provided for online platforms that host or disseminate third party speech in the Communications Decency Act of 1996, 47 U.S.C. § 230. FOSTA §§ 3(a), 4(a) & 5; 18 U.S.C. § 2421A(a); 47 U.S.C. § 230(e)(5). These new, content-based prohibitions impose criminal penalties and authorize heavy civil liability for online publishers based on expansive but undefined terms

2

regarding "promotion" or "facilitation" of "prostitution" and/or "reckless disregard" of conduct that "contributes to sex trafficking."

FOSTA's provisions are subject to but cannot satisfy strict scrutiny, *see United States v. Stevens*, 559 U.S. 460, 468 (2010); *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015); are overbroad insofar as a substantial number of its applications are unconstitutional judged in relation to its plainly legitimate sweep, *Stevens*, 559 U.S. at 473; are unconstitutionally vague in their failure to give people of ordinary intelligence fair warning of what conduct is prohibited, *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); unconstitutionally impose liability for distributing expressive materials absent proof of scienter; *Smith v. California*, 361 U.S. 147 (1959); and, turn Section 230's online intermediary immunity into a tool for censorship, *see Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008). The Court further finds that plaintiffs are also likely to succeed on their claim that the law violates the *Ex Post Facto* Clause. U.S. Const. art. I, §§ 9-10; *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994).

Plaintiffs have suffered irreparable harm, and will continue to do so, absent a preliminary injunction because they face unlawful restrictions on their ability to engage in constitutionally protected speech. *Pearson v. Shalala*, 130 F. Supp. 2d 105, 119 (D.D.C. 2001) (citing *Elrod*, 427 U.S. at 373 (1976); *New York Times Co. v. United States*, 403 U.S. 713 (1971); *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 758 (1988)). Moreover, the balance of the equities tip in Plaintiffs' favor. *See*, *e.g.*, *Bays v. City of Fairborn*, 668 F.3d 814, 819 (6th Cir. 2012) (when First Amendment rights are implicated, factors for granting preliminary injunction essentially collapse). The government will experience minimal harm, or none at all, from an order temporarily preserving the *status quo* of laws that only recently took effect, particularly

given preexisting criminal laws that remain in effect, and because "no substantial harm to others can be said to inhere" in allowing violations of constitutional rights to continue. *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001). If anything, in view of the adverse impact FOSTA is having in preventing sex trafficking and endangering sex workers, a preliminary injunction would, in fact, *serve* that particular public interest as well – and in any case, the public interest is served, as always, by safeguarding constitutional rights and preserving laws that have fostered a free and open Internet. *PHE, Inc. v. U.S. Dep't of Justice*, 743 F. Supp. 15, 26 (D.D.C. 1990); *Pursuing America's Greatness*, 831 F.3d at 511-12; *Google v. Hood*, 96 F. Supp. 3d 584, 601 (S.D. Miss. 2015), *rev'd on other grounds*, 822 F.3d 212 (5th Cir. 2016).

  IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED.

Defendants are hereby enjoined from enforcing the Allow States and Victims to Fight Online Sex Trafficking Act of 2017, Pub. L. No. 115-164 ("FOSTA" or "the Act"), as codified at 18 U.S.C. § 2421A, 18 U.S.C. § 1591(e)(4), and 47 U.S.C. § 230(e)(5), during the pendency of this case.

DATED: _____, 2018

_____

United States District Judge

cc: Counsel of Record