

**U.S. Department of Justice**

Office of Legislative Affairs

Office of the Assistant Attorney General                    *Washington, D.C. 20530*

**MAR 2 3 2018**

The Honorable Mick Mulvaney
Director
Office of Management and Budget
Washington, DC  20503

Dear Mr. Director:

This letter responds to your request for the views and recommendations of the Department of Justice (the Department) on enrolled bill H.R. 1865, the "Allow States and Victims to Fight Online Sex Trafficking Act of 2017." The Department recommends that the President sign the legislation into law. The bill does present a constitutional concern, however, relating to the Constitution's Ex Post Facto Clause, U.S. Const. art I., § 9, cl. 3. The Department recommends addressing these concerns with a signing statement as follows:

> I am pleased to sign this bill and I applaud Congress's efforts to curb sex trafficking. I am, however, concerned about a provision of the bill that purports to permit state prosecutors, in violation of the Constitution's Ex Post Facto Clause, to bring charges that would not have been prosecutable at the time the relevant offenses occurred. State prosecutors can avoid this constitutional infirmity by pursuing only newly prosecutable criminal conduct that takes place after the bill is enacted.

An explanation of the basis for this signing statement language is provided further below.

Section 3 of the bill creates 18 U.S.C. § 2421A, a new federal offense that prohibits owning, managing, or operating a website or other technical platform with the intent to promote or facilitate prostitution. The bill also provides for an aggravated felony if the defendant recklessly disregards that the crime contributed to sex trafficking as prohibited by 18 U.S.C. § 1591(a). Sex trafficking victims harmed by violations of section 2421A(b)(2) are entitled to receive restitution under this law, and have the ability to pursue civil remedies. As such, section 2421A would stand as a strong complement to existing federal laws.

Section 4 sets forth critical revisions to the Communications Decency Act (CDA), codified at 47 U.S.C. § 230, to permit state prosecutors to bring criminal actions related to sex trafficking and the use of the internet with the intent to promote or facilitate prostitution. The Department believes that this exception to the CDA will alter the landscape of the industry involved in advertising prostitution and sex trafficking. Section 4 also enables sex trafficking

The Honorable Mick Mulvaney
Page 2

victims to pursue civil suits under 18 U.S.C. § 1595 against websites that had a role in the trafficking of those victims, and section 6 allows state attorneys general to pursue such claims on behalf of those victims.

Section 4 states that the changes to the CDA "shall apply regardless of whether the conduct alleged occurred [sic], or is alleged to have occurred, before, on, or after such date of enactment." The Department has previously noted that, insofar as this bill would "impose[] a punishment for an act which was not punishable at the time it was committed" or "impose[] additional punishment to that then prescribed," it would violate the Constitution's Ex Post Facto Clause. *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325–26 (1867); *see also Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925). State prosecutors can avoid this constitutional infirmity by pursuing only newly prosecutable criminal conduct that takes place after the bill is enacted.

Section 5 amends 18 U.S.C. § 1591(e) to define "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)." The phrase "participation in a venture" already appeared in the statute and had broad application. Given Congress' express intent for this Section to "ensure federal liability," the Administration [the Department] expresses its understanding that Section 5 is not intended to be limiting, i.e. apply to a smaller range of criminal conduct than the statute previously applied to. Rather, it is intended as clarification of current law or codification of the common law. Finally, section 8 calls for a study by the Government Accountability Office, due in three years, analyzing civil actions and restitution under section 2421A.

H.R. 1865 significantly advances our ability to combat websites' involvement in sex trafficking. Every day, sex traffickers post blatant online advertisements that are used to sell victims for sex. Our ability to hold websites accountable for their conduct in allowing traffickers to use their sites to sell victims to customers is limited by the high evidentiary standard needed to bring federal criminal charges for advertising sex trafficking, and because the CDA had barred our state and local partners from bringing any criminal action against such websites under their own laws. H.R. 1865 addresses both issues and takes meaningful steps to thwart advertising trafficking victims for commercial sex.

Thank you for the opportunity to present our views. Please do not hesitate to contact this office if we may be of additional assistance to you.

Sincerely,

Prim F. Escalona
Principal Deputy Assistant Attorney General