IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 1:18-cv-1552-RJL |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST
FOR SCHEDULING CONFERENCE**

Defendants respond as follows to Plaintiffs' Request for Scheduling Conference [ECF 31].[1] Although, contrary to LCvR 7(m), Plaintiffs' Request does not so indicate, the parties have conferred extensively, over the course of the past month, on how to proceed following the D.C. Circuit's remand. Counsel for the parties first spoke by telephone on June 1, 2020. Following that discussion, the parties exchanged several drafts of a joint statement that would set forth the parties' positions. The parties had agreed that Plaintiffs' claims, consisting solely of pre-enforcement facial constitutional challenges, can be resolved through briefing as a matter of law, without discovery, and that Defendants' answer may be waived.

In light of the parties' agreement on those issues, Defendants proposed that the parties proceed through cross-motions for summary judgment, where Plaintiffs, as the parties seeking to prosecute the case, would file the initial motion. As Defendants explained, the passage of two years since Plaintiffs filed their Complaint, and the issuance of two decisions, by this Court and the

---

[1] Plaintiffs' filing was designated on ECF as a "joint" request although Defendants had not consented to its filing. Plaintiffs have since indicated to Defendants that that designation was made in error and that Plaintiffs are seeking to correct it.

1

Court of Appeals, that failed to adopt Plaintiffs' proposed statutory interpretation, also weigh strongly in favor of Plaintiffs filing first in order to clarify what claims and arguments, in their view, remain at issue.[2] Accordingly, Defendants proposed the following schedule:

| | |
|---|---|
| 7/13/20 | Plaintiffs file a motion for summary judgment |
| 8/21/20 | Defendants file a cross-motion for summary judgment with a combined memorandum in support of Defendants' cross-motion and in opposition to Plaintiffs' motion |
| 9/18/20 | Plaintiffs file a combined reply in support of Plaintiffs' motion and opposition to Defendants' cross-motion |
| 10/9/20 | Defendants file a reply in support of Defendants' cross-motion |

Plaintiffs have objected to Defendants' proposal. Most recently, Plaintiffs proposed that, rather than filing in succession and combining briefing on the parties' cross-motions, the parties should each file their initial motion on the same date and proceed with separate, rather than combined, summary judgment briefing, thus requiring each party to file three briefs instead of two. Defendants responded to that proposal on June 26, 2020, stating that, in Defendants' view, that approach would involve unnecessary redundancy and would not address Defendants' position that, at this stage, Plaintiffs should set forth their arguments first before Defendants are required to respond. By email on June 29, 2020, Plaintiffs declined to address those points but indicated that Plaintiffs would proceed with filing a request for a scheduling conference without identifying the

---

[2] In particular, this Court, in its Memorandum Opinion dismissing this case for lack of standing [ECF 25], rejected Plaintiffs' proposed construction of 18 U.S.C. § 2421A, the statute primarily at issue in Plaintiffs' claims. *See Woodhull Freedom Found. v. United States*, 334 F. Supp. 3d 185, 199 (D.D.C. 2018). The D.C. Circuit reversed the Court's holding on the ground that, for purposes of determining a plaintiff's standing at the pleading stage, "the court assumes the plaintiff's legal theory is correct." *Woodhull Freedom Found. v. United States*, 948 F.3d 363, 371 (D.C. Cir. 2020). However, the D.C. Circuit also concluded that it "need not read [§ 2421A] to encompass advocacy or educational activities," as Plaintiffs had urged, in order to hold that one plaintiff had established standing. *Id.* at 373. In his concurring opinion, Judge Katsas indicated that he would reject Plaintiffs' proposed construction of § 2421A outright. *See id.* at 375 (Katsas, J., concurring).

parties' respective positions.[3]

Defendants continue to adhere to the same position they have previously communicated to Plaintiffs. Defendants therefore respectfully request that the Court order the parties to confer and submit a joint proposed briefing schedule in which Plaintiffs file their motion for summary judgment first, Defendants then file a cross-motion for summary judgment with a combined memorandum in support and opposition to Plaintiffs' motion, Plaintiffs then file a combined opposition and reply, and Defendants then file a reply.[4]

Dated:  June 29, 2020                          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRIGHAM JOHN BOWEN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendant*

---

[3] Because Plaintiffs, over Defendants' objection, have declined to identify their position in their filing, Defendants do not know whether Plaintiffs might propose some mechanism other than cross-motions for summary judgment to resolve the case. During the parties' discussions, Plaintiffs had originally proposed that the Court should rely primarily on the prior briefing that occurred two years ago, before this Court or the Court of Appeals issued their decisions. Defendants continue to object to that approach as well. Indeed, even if the Court were to consolidate Plaintiffs' earlier motion for a preliminary judgment with the merits (an unnecessary step, given that Plaintiffs have not pursued a request for emergency relief at this stage), cross-motions for summary judgment, with Plaintiffs filing first, would remain the standard and most reasonable way to proceed. *E.g., Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 204-05 (D.D.C. 2007) (explaining that, after consolidation, the parties' cross-motions for summary judgment were "fully briefed").

[4] The date identified above for Plaintiffs' initial filing was originally proposed by Plaintiffs at an earlier stage of the parties' discussions. In his communication of June 29, counsel for Plaintiffs indicated that date would no longer work but did not propose a new date. Based on Plaintiffs' prior representations, Defendants believe the parties would be able to reach agreement regarding specific deadlines once the Court determines that Plaintiffs should file their motion first.