# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, a/k/a ALEX ANDREWS, and THE INTERNET ARCHIVE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and JEFFERSON B. SESSIONS, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Defendants. | Case No. 1:18-cv-1552 |

**DECLARATION OF DINAH POKEMPNER IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to 28 U.S.C. § 1746, I, DINAH POKEMPNER hereby declare as follows:

1. I am the General Counsel of Plaintiff Human Rights Watch, Inc. ("HRW"). The facts contained in the following affidavit are known to me of my own personal knowledge and if called upon to testify, I could and would completely do so.

2. HRW is a 501(c)(3) tax-exempt organization based in New York, NY that monitors human rights conditions worldwide and advocates for the cessation and remediation of human rights violations worldwide. HRW advocates for respect of the human rights of sex workers around the world, including in the United States, and since 2013, for the decriminalization of sex work.

3. Human Rights Watch ("HRW") is one of the key international human rights monitoring organizations, that sees its mission as exposing violations of international human rights law to public scrutiny around the world and generating momentum for change. Among those

violations are exploitation and violence directed at women, including women who are sex workers.

4.      Sex workers, like other types of workers, may experience a wide range of human rights violations. Some may be trafficked or held in conditions akin to modern slavery; others may be subjected to violence, coercion, health risks or other dangerous conditions through their work. HRW believes that the criminalization of sex work impedes sex workers in finding protection and redress for such violations and in exercising basic rights such as access to essential health services and police protection.

5.      Every year, HRW produces and publishes many hundreds of reports, press releases, videos, podcasts and other online documents on its website and social media accounts. Some of these include research and advocacy on behalf of the rights of sex workers, including our advocacy that sex work be decriminalized. For example, in 2010, HRW reported on the unlawful arrests and detention of sex workers in Cambodia; in 2012, HRW reported on police searches of women for condoms as evidence of prostitution in four US cities; in 2013, HRW documented torture, beatings and other assaults by police officials against sex workers, and similar abuses against sex workers in Tanzania; in 2014, HRW advocated against a Canadian anti-prostitution bill; and in 2018 HRW partnered with a sex worker rights group SWEAT in South Africa to report on how criminalization of sex work worsens ongoing horrific violence and other abuses against sex workers and called on the government to change laws and decriminalize sex work. In 2019 we published a question and answer document on why sex work should be decriminalized globally, and in 2020 we reported that criminalization continues to contribute to abuses against sex workers in the United States, and that public support for decriminalization was growing.

6.      Human Rights Watch's policy, adopted in 2013, opposes the criminalization of consensual adult sex work and states that the criminalization of voluntary, consensual sexual

relations among adults is incompatible with respect for a number of internationally recognized human rights including the rights to personal autonomy and privacy.

7. The policy further states that "[f]orced prostitution and trafficking in human beings are among the most serious violations of human rights" and that "[a]ll states have an obligation to take necessary measures to prevent and combat such criminal activities." However, HRW believes that "those engaged in sex work are more likely to be capable of seeking protection from the law if they and their work are not treated as criminal" and advocates accordingly.

8. Despite these clear distinctions in its policy, HRW is concerned that its global advocacy against criminalization of sex work and arrest of sex workers could be seen by US litigants as "facilitating" "prostitution" or in some way assisting sex trafficking, thus violating FOSTA.

9. Moreover, because HRW relies heavily on individuals spreading its reporting and advocacy through social media, it is concerned that social media platforms and websites that host, disseminate, or allow users to spread our reports and advocacy materials may be inhibited from doing so on the basis of the substantial additional penalties of Section 2421A, as demonstrating a "reckless disregard" of sex trafficking activities.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of August 2020 at New York, New York.

_____
Dinah PoKempner