IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, *et al.*, | |
| *Plaintiffs*, | Case No. 1:18-cv-1552-RJL |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| *Defendants*. | |

### DECLARATION OF KATHRYN WYER

I, Kathryn Wyer, declare as follows:

1. I am employed as a Senior Trial Counsel in the Civil Division of the U.S. Department of Justice and am primary counsel of record for the government in the above-captioned case. This declaration is based on my personal knowledge and on information that has become available to me in the course of this representation. I submit this Declaration in support of Defendants' alternative request to stay summary judgment proceedings and allow discovery pursuant to Rule 56(d).

2. No discovery has occurred in this case. After the Court of Appeals reversed this Court's dismissal under Rule 12(b)(1) and remanded the case for further proceedings, the parties conferred and agreed that, because the case presented only legal issues related to Plaintiffs' facial constitutional challenges, the case could be resolved through cross-motions for summary judgment without discovery.

3. Because the parties did not reach agreement on the order of briefing, the Court held a status conference on July 13, 2020, in which the parties represented their agreement that no

discovery was necessary. The Court then issued a simultaneous briefing schedule with cross-motions for summary judgment due August 31, 2020; oppositions due within 30 days of the cross-motions, and replies due within 15 days of the oppositions. Minute Order of July 16, 2020.

    4.    The parties each filed motions for summary judgment on August 31, 2020. [ECF 34, 35.] Defendants did not attach any declarations to their motion. However, Plaintiffs attached nine declarations to their motion, some including attached exhibits. *See* Plaintiffs' Statement of Undisputed Material Facts ("Pl. SMF") [ECF 34-2] exs. A-I, attached to Plaintiffs' Motion for Summary Judgment [ECF 34].

    5.    Plaintiffs' declarations include testimony on behalf of each of the five Plaintiffs. *See* Declaration of Jesse Maley [ECF 34-10]; Declaration of Brewster Kahle (on behalf of Plaintiff the Internet Archive) [ECF 34-11]; Declaration of Ricci Levy (on behalf of Plaintiff Woodhull Freedom Foundation ("Woodhull")) [ECF 34-12]; Declaration of Eric Koszyk; Declaration of Dinah Pokempner (on behalf of Plaintiff Human Rights Watch ("HRW")).

    6.    Plaintiffs' declarations also include testimony of two non-party fact witnesses, *see* Declaration of Kate D'Adamo [ECF 34-3]; Declaration of Dr. Jessica Ashooh [ECF 34-5], and two putative experts, *see* Declaration of Dr. Alexandra Lutnick [ECF 34-6]; Declaration of Alexandra Yelderman [ECF 34-8].

    7.    Plaintiffs rely on this testimony to support the facts that they claim are undisputed and material to the issues in this case. *See* Pl. SMF ¶¶ 1-3, 5-30 (repeatedly citing declarations).

    8.    Plaintiffs also rely on declarations attached to their motion for preliminary injunction, filed over two years ago, including testimony of another putative expert, *see* Pl. SMF ¶¶ 2, 5 (citing Declaration of Dr. Kimberly Mehlman-Orozco [ECF 5-9]), and additional testimony by Ricci Levy on behalf of Woodhull Freedom Foundation, *see* Pl. SMF ¶¶ 6, 7, 9, 19 (citing

Declaration of Ricci Levy in Support of Motion for Preliminary Injunction [ECF 5-2]).

9. Defendants have argued that Plaintiffs' factual assertions are not material to the issues raised in the parties' cross-motions. Defendants' Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Summary Judgment ("Def. S.J. Opp." filed herewith) at 14, 44; Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts ("Def. Response to Pl. SMF," filed herewith), at 1-2. Rather, the Court may deny Plaintiffs' constitutional challenges, and grant judgment in favor of Defendants, based solely on its interpretation of the relevant statutory provisions and consideration of Congress's reasonable predictive judgments and relevant legal authorities.

10. However, if the Court disagrees with Defendants' legal arguments, Defendants are currently unable to respond to Plaintiffs' factual assertions without an opportunity to conduct discovery and to consider offering rebuttal expert testimony in order to counter Plaintiffs' factual assertions. I address each category of testimony offered by Plaintiffs below.

11. First, Plaintiffs cite declaration testimony in support of their factual assertion that online service providers "removed content, eliminated entire sections of websites, or were shuttered altogether" as a result of FOSTA. Pl. SMF ¶ 1 (citing D'Adamo Decl. ¶¶ 9-13; Ashooh Decl. ¶¶ 2-3, 5-7). The Court may deem the asserted responses of online service providers immaterial on the basis that, as Defendants have argued, FOSTA's statutory language does not require the removal or elimination of First Amendment-protected content from the Internet, nor is such a response reasonable due to technological limitations. Def. SJ Opp. at 21-22; Def. Response to Pl. SMF at 3-4. Defendants have also objected to many assertions in the D'Adamo declaration on the basis that they are inadmissible hearsay and have argued that Ashooh's cursory assertion that FOSTA's "vagueness" led to Reddit's decisions should not be deemed to state an undisputed

3

"fact" because it does not adequately identify Reddit's reasoning. Def. Response to Pl. SMF at 2-3, 4. Ashooh's assertion is also not in accord with FOSTA's statutory language, which is not vague. *See* Def S.J. Opp. at 24-29.

12. However, if the Court disagrees with Defendants, Defendants should be granted an opportunity to conduct written discovery and depose Plaintiffs' third-party witnesses D'Adamo and Ashooh regarding the responses of online service providers that they describe and how those responses relate to FOSTA's statutory terms. For example, Defendants should be allowed to explore on what basis Craigslist determined that FOSTA required it to eliminate the personals section of its classified ads, and on what basis Reddit believed that it was necessary to remove certain "subreddits," and what factors these sites considered in making their business decisions on these issues. Defendants should also be given the opportunity to consider offering counter-testimony on these issues.

13. Second, Plaintiffs cite testimony of a putative expert challenging FOSTA's efficacy. Pl. SMF ¶ 2 (citing Mehlman-Orozco Decl. ¶¶ 21, 23). They also cite testimony of putative experts and others asserting that FOSTA has harmed law enforcement's ability to pursue sex trafficking crimes. SMF ¶¶ 4-5 (citing Mehlman-Orozco Decl. ¶¶ 16, 24-25, 28, 31; D'Adamo Decl. ¶¶ 23-24; Yelderman Decl. ¶ 6; Lutnick Decl. ¶¶ 16-19). The Court need not consider this testimony because, as Defendants have argued, FOSTA on its face does not regulate speech and in any event does not do so based on content. Def. S.J. Opp. at 14-22, 39-41. Defendants have also argued that the Court should defer to Congress's predictive judgment that FOSTA would advance the government's compelling interests, considering testimony presented at Congressional hearings and other legislative history. Def. S.J. Mem. [ECF 34] at 26-27. Ultimately, the testimony that Plaintiffs offer challenges Congress's policy choice, but such disagreements are immaterial to a

First Amendment analysis. *See Turner Broad. Sys., Inc. v. FCC*, 520 U.S. 180, 224 (1997); *Golan v. Holder*, 609 F.3d 1076, 1094 (10th Cir. 2010), *aff'd*, 565 U.S. 302 (2012). The Court may therefore reject Plaintiffs' strict scrutiny claim without considering this testimony.

14. However, if the Court disagrees, Defendants should be given the opportunity to cross-examine Plaintiffs' witnesses and test the qualifications and opinions of Plaintiffs' putative experts—Mehlman-Orozco, Yelderman, Lutnick—and to consider offering rebuttal testimony. In particular, Defendants should be given the opportunity to test the relevance and soundness of Mehlman-Orozco's descriptions of "quantitative data" and "[c]riminological theory" regarding the "prevalence of sex trafficking" on the Internet, as well as the purported link she and other purported experts identify between FOSTA and the difficulty of combatting and prosecuting sex trafficking. *See* Mehlman-Orozco Decl. ¶¶ 16, 21, 23-25, 28, 31; Yelderman Decl. ¶ 6; Lutnick Decl. ¶¶ 16-19.

15. Third, Plaintiffs cite testimony of putative experts and others that FOSTA "has had an adverse effect" on sex workers. Pl. SMF ¶ 3. The Court need not consider this testimony because it is based on an incorrect statutory interpretation of FOSTA and therefore immaterial. Nothing in FOSTA implicates advocacy and general harm-reduction information. Moreover, to the extent this testimony focuses on safety and harm-reduction for sex workers, rather than free expression, it is also immaterial because it relates to policy concerns rather than First Amendment-protected interests.

16. However, if the Court disagrees, Defendants should be given the opportunity to cross-examine Plaintiffs' witnesses regarding their assertions on these issues. Defendants should also be given the opportunity to test the qualifications and opinions of Plaintiffs' putative experts on these issues—Lutnick and Yelderman—and to consider offering rebuttal testimony.

17. Fourth, Plaintiffs testify regarding asserted detrimental impacts of FOSTA on their own activities. Pl. SMF ¶¶ 6-30 (citing Kahle Decl. ¶¶ 3-8, 10-15; Koszyk Decl. ¶¶ 1-3, 7-9, 11-13, 20, 24; Levy PI Decl. ¶¶ 7, 10-20, 22-24, 29, 32-34, 42; Levy SJ Decl. ¶¶ 10-17, 21-24, 27; Maley Decl. ¶¶ 2-3, 13-19, 24-26, 32-24, 34-38, 40, 42-48; PoKempner Decl. ¶¶ 2, 5, 9). Because Plaintiffs have not raised as-applied claims, and their facial constitutional challenges can be rejected on other grounds, the Court need not consider these assertions.

18. However, if the Court disagrees, Defendants should be given the opportunity to cross-examine Plaintiffs regarding their assertions of FOSTA's impact on them.

19. Defendants are unable to produce facts in opposition to the assertions of Plaintiffs, their third-party witnesses, and their putative experts because no discovery has taken place in this case. Based on the parties' prior discussions, Defendants believed that the parties were in agreement that this case presented only legal issues, and that therefore no discovery would be necessary. Defendants were unaware before Plaintiffs filed their motion for summary judgment on August 31, 2020 that Plaintiffs intended to submit fact or expert testimony in support of their motion. Moreover, as described in part in Defendants' motion to amend the briefing schedule, undersigned counsel has had numerous other litigation obligations that prevented counsel from starting to prepare Defendants' opposition brief until after September 28, 2020, when undersigned counsel had a summary judgment filing deadline in another case. Upon considering Plaintiffs' filing, Defendants concluded that Plaintiffs' testimony is immaterial to the legal issues before the Court. Defendants therefore believed it would be most efficient to proceed to file an opposition to Plaintiffs' motion by the current October 9 deadline while also making a request in the alternative for a stay under Rule 56(d).

20. Information regarding the testimony that Plaintiffs have submitted is discoverable

through written discovery and depositions of Plaintiffs' fact and expert witnesses. The underlying facts regarding the assertions of Plaintiffs and their fact and expert witnesses are in the possession of those individuals. Rebuttal experts may also provide evidence to counter that provided by Plaintiffs' putative experts.

Dated:   October 9, 2020                                    /s/ Kathryn Wyer
                                                            Kathryn Wyer