

1301 K Street, NW
Suite 500 East
Washington, DC  20005

**Robert Corn-Revere**
202.973.4225 tel
202.973.4499 fax
bobcornrevere@dwt.com

January 11, 2021

**By ECF**

The Honorable Richard J. Leon
United States District Judge
United States District Court
 for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:   *Woodhull Freedom Found., et al. v. United States, et al.*, **No. 1:18-cv-01552-RJL**
Plaintiff's Response to Defendants' Notice of Supplemental Authority citing
*United States v. Martono*, 2021 WL 39584 (N.D. Tex. Jan. 5, 2021)

Dear Judge Leon,

Plaintiffs Woodhull Freedom Foundation, Human Rights Watch, Eric Koszyk, Jesse Maley a/k/a Alex Andrews, and The Internet Archive hereby respond to the Notice of Supplemental Authority filed by Defendants on January 7, 2021 (Dkt. 41), citing an order denying a motion to dismiss in *United States v. Martono*, 2021 WL 39584 (N.D. Tex. Jan. 5, 2021).  Defendants recite that the order rejected Martono's constitutional overbreadth and vagueness challenges to one of the statutes under which he was charged, the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA"), Pub. L. No. 115-164, 132 Stat. 1253 (2018), which is subject to a facial challenge here.

The sole authority cited by the *Martono* court in concluding that FOSTA is not unconstitutionally overbroad or vague was Judge Katsas' concurring opinion in the prior D.C. Circuit opinion in this case.  *See Martono*, 2021 WL 39584, at *2, *3 (citing *Woodhull Freedom Found. v. United States*, 948 F.3d 363, 375 (D.C. Cir. 2020) (Katsas, J., concurring in part and concurring in the judgment). Plaintiffs have already explained at length why such reliance on Judge Katsas' interpretations of FOSTA, with which the D.C. Circuit disagreed, is unwarranted.  *See* Pls.' Opp. to Defs.' Mot. for Summ. J. (Dkt. 38), at 16-18, 21; Reply to Defs.' Opp. to Pls.' Mot. for Summ. J. (Dkt. 39), at 13.

Plaintiffs also note the *Martono* decision undermines other of Defendants' arguments in this case. Specifically, they have defended FOSTA on several fronts by in part claiming its prohibitions on

The Honorable Richard J. Leon
January 11, 2021
Page 2

promoting or facilitating the "prostitution of another person" denote specific unlawful acts.  *E.g.*, Defs.' Mot. for Summ. J. (Dkt. 37), at 11-12, 22-23, 27-31, 34.  But the *Martono* court suggests that that is not necessary.  It rejected the extent to which website operator Martono contends that the indictment must … identify specific persons who were the object of the prostitution," citing an absence of authority "to support the proposition that the indictment must include such specificity," and "declin[ing] to find that the specific identity of persons is an essential element of the offense." *Martono*, 2021 WL 39584, at *4.  Thus, the court held, the charge against Martono under 18 U.S.C. § 2421A for owning and operating websites, including cityxguide.com, which were alleged to have promoted and facilitated prostitution and sex trafficking, had been sufficiently pled.

           Respectfully submitted,

           */s/ Robert Corn-Revere*

           Robert Corn-Revere
           DAVIS WRIGHT TREMAINE LLP
           1301 K Street, N.W.
           Suite 500 East
           Washington, DC  20005
           Ph: 202-973-4200; Fax: 202-973-4499
           bobcornrevere@dwt.com

cc:  All Counsel of Record via ECF