# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, a/k/a ALEX ANDREWS, and THE INTERNET ARCHIVE, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA and MONTY WILKINSON, in his official capacity as ACTING ATTORNEY GENERAL OF THE UNITED STATES, <br><br> Defendants. | Case No. 1:18-cv-1552 |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Woodhull Freedom Foundation, Human Rights Watch, Eric Koszyk, Jesse Maley a/k/a Alex Andrews, and The Internet Archive submit this Notice regarding the recent decision in *United States v. Rundo*, __ F.3d __, 2021 WL 821938 (9th Cir. March 4, 2021), which is relevant to Plaintiffs' facial constitutional challenge to the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA"), Pub. L. No. 115-164, 132 Stat. 1253 (2018). A copy of the opinion is attached to this Notice.

In *Rundo*, the Ninth Circuit held that the Anti-Riot Act, 18 U.S.C. §§ 2101-2102, "prohibits protected speech tending to 'organize,' 'promote,' or 'encourage' a riot and expands that prohibition to 'urging' a riot and to mere advocacy." Slip. Op. at 21. Thus the Act "criminalizes a substantial amount of protected speech" in violation of the First Amendment. *Id.*

The Anti-Riot Act prohibits traveling interstate or using a facility of interstate commerce with the intent "to organize, promote, encourage, participate in, or carry on a riot." 18 U.S.C. § 2101(a)(2). The Anti-Riot Act defines the terms "to organize, promote, encourage, participate in,

or carry on a riot" in section 2102(a)(2) as including, but not being limited to, "urging or instigating other persons to riot, but shall not be deemed to mean the mere oral or written (1) advocacy of ideas or (2) expression of belief, not involving advocacy of any act or acts of violence or assertion of rightness, or the right to commit, any such act or acts." 18 U.S.C. § 2102(b).

The *Rundo* court held that the Anti-Riot Act's terms prohibiting urging, organizing, encouraging, and promoting a riot are overbroad and punish protected speech. Slip. Op. at 15-16. Separately, the *Rundo* court held that by virtue of a double negative present in section 2102(b)'s definitions of the terms in section 2102(a)(2), the Anti-Riot Act "therefore proscribes mere advocacy protected by the First Amendment." *Id*. at 16-17.

*Rundo* relies heavily on *United States v. Miselis*, 972 F.3d 518 (4th Cir. 2020). *See* Slip. Op. at 13-18, 21. Plaintiffs in the instant case cited *Miselis* to demonstrate that FOSTA's terms are similarly overbroad, as the statute proscribes any content on an online platform that can be said to "promote" or "facilitate" prostitution or sex trafficking. Plaintiffs Motion for Summary Judgment (Dkt. 34-1) at 15, 18-22. Plaintiffs also cited *Miselis* in response to the government's incorrect argument that FOSTA is not overbroad because it contains a specific intent requirement. However, as *Miselis* (and now *Rundo*) explain, the inclusion of specific intent language does not cure overbreadth where the statutory terms can reach protected speech. *See* Plaintiffs Reply (Dkt. 39) at 9-10.

DATED:  March 9, 2021

                          Respectfully submitted,

                                 /s/ Robert Corn-Revere
ROBERT CORN-REVERE
D.C. Bar No. 375415
**Davis Wright Tremaine LLP**
1301 K Street, NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: bobcornrevere@dwt.com


LAWRENCE G. WALTERS
Florida Bar No.: 0776599
*Pro Hac Vice*
**Walters Law Group**
195 W. Pine Ave.
Longwood, FL 32750-4104
Telephone: (407) 975-9150
Facsimile: (408) 774-6151
Email: Larry@FirstAmendment.com
        Paralegal@FirstAmendment.com

AARON MACKEY
D.C. Bar No. 1017004
DAVID GREENE
(admitted in California)
*Pro Hac Vice*
CORYNNE MCSHERRY
(admitted in California)
**Electronic Frontier Foundation**
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
Email:  amackey@eff.org
 davidg@eff.org

3

DAPHNE KELLER
Cal. Bar No. 226614
**Stanford Cyber Policy Center**
616 Jane Stanford Way #E016
Stanford, CA 94305
(650) 725-0325
Email:  daphnek@stanford.edu

Attorneys for Plaintiffs

4