# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, a/k/a ALEX ANDREWS, and THE INTERNET ARCHIVE,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA and MERRICK B. GARLAND, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Defendants. | Case No. 1:18-cv-1552 |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Woodhull Freedom Foundation, Human Rights Watch, Eric Koszyk, Jesse Maley a/k/a Alex Andrews, and The Internet Archive submit this Notice regarding the recent decision in *In re Facebook, Inc.*, ___ S.W.3d ___, 2021 WL 2603687 (Texas Sup. Ct. June 25, 2021), which is relevant to Plaintiffs' facial constitutional challenge to the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA"), Pub. L. No. 115-164, 132 Stat. 1253 (2018). A copy of the opinion is attached to this Notice.

The *In re Facebook* court held that FOSTA's amendments to 47 U.S.C. § 230 ("Section 230") permit plaintiffs to bring state *civil* law claims against online intermediaries that are similar to federal civil claims for sex trafficking under 18 U.S.C. § 1595. Slip. Op. at 29-32. FOSTA amended Section 230 to eliminate preexisting statutory immunities for online intermediaries for three specific types of claims: (1) federal civil actions under 18 U.S.C. § 1595; (2) state criminal prosecutions if the underlying conduct would violate 18 U.S.C. § 1591; and (3) state criminal prosecutions if the underlying conduct would violate 18 U.S.C. § 2421A.  47 U.S.C. § 230(e)(5).

Departing from the statutory text, *In re Facebook* held that FOSTA created an additional carveout for *state civil law* claims, such as those found in Texas section 98.022, to the extent they are similar to federal claims under 18 U.S.C. § 1595. Slip Op. at 31-32.

The court rejected an argument that Congress exempted only the three specified claims in the language of Section 230(e)(5). Instead, it held "the FOSTA proviso announces *a rule of construction* applicable to section 230." Slip Op. at 30 (emphasis added). Under this rule, "Congress's mandate that section 230 not 'be construed' to bar federal civil statutory human trafficking claims necessarily dictates that section 230 must not be construed to bar materially indistinguishable state civil claims either." *Id*. at 30-31.

This expansive reading of FOSTA's Section 230 amendments refutes the government's arguments in this case that FOSTA's penalties are narrowed by the text of the statute. The Defendants accused Plaintiffs of speculating that FOSTA's civil and state criminal liability were too broad by arguing that any violations must be directly tethered to federal criminal law violations of sections 1591 or 2421A. Gov't Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. 37) ("Gov't Opp.") at 28-29, 37; *see also* Gov't Reply (Dkt. 40) at 23; Gov't Motion for Summary Judgment (Dkt. 35-1) at 37.  However, *In re Facebook*'s undermines the government's argument by permitting state *civil* law claims that are "similar" to federal civil law, 18 U.S.C. § 1595. Slip Op. at 31.

By contrast, *In re Facebook* confirms Plaintiff's arguments that civil litigants, state prosecutors, and state courts would interpret the law broadly, creating multiple, cumulative criminal and civil penalties for online services based on the content of their users' speech. *See* Plaintiffs Motion for Summary Judgment (Dkt. 34-1) ("Plaintiffs' Mot.") at 28; Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. 38) at 33. *In re Facebook*

underscores that FOSTA's liability for online intermediaries is expansive and increases the risk of a heckler's veto by allowing civil litigants to threaten and pursue state civil legal claims against intermediaries for hosting users' speech based on claims that Section 230 previously immunized. *See* Plaintiffs' Mot. at 9.

Plaintiffs submit this Notice of Supplemental Authority not to endorse the Texas Supreme Court's reasoning, but to illustrate why FOSTA's broad language opens the door to expansive interpretations that will chill much online speech. The essence of the claims against Facebook are that it provided an online platform for communication that could include sex traffickers, that it failed to devote "advertising space for public service announcements regarding the dangers of . . . sex traffickers," and that it did not implement age verification of its users. Slip Op. at 6. Whatever one may make of these claims, under the reasoning of *In re Facebook*, potential liability under FOSTA is not limited to "website publishers of classified ad[s]," as Defendants suggest here. Gov't Opp. at 4, 6-7.

 DATED:  June 30, 2021

Respectfully submitted,

　　　/s/ Robert Corn-Revere　　　
ROBERT CORN-REVERE
D.C. Bar No. 375415
**Davis Wright Tremaine LLP**
1301 K Street, NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: bobcornrevere@dwt.com

LAWRENCE G. WALTERS
Florida Bar No.: 0776599
*Pro Hac Vice*
**Walters Law Group**
195 W. Pine Ave.
Longwood, FL 32750-4104
Telephone: (407) 975-9150
Facsimile: (408) 774-6151
Email: Larry@FirstAmendment.com
      Paralegal@FirstAmendment.com

AARON MACKEY
D.C. Bar No. 1017004
DAVID GREENE
(admitted in California)
*Pro Hac Vice*
CORYNNE MCSHERRY
(admitted in California)
**Electronic Frontier Foundation**
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
Email:  amackey@eff.org
  davidg@eff.org

DAPHNE KELLER
Cal. Bar No. 226614
**Stanford Cyber Law Center**
616 Jane Stanford Way #E016
Stanford, CA 94305
(650) 725-0325
Email:  daphnek@stanford.edu

Attorneys for Plaintiffs