IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, a/k/a ALEX ANDREWS, and THE INTERNET ARCHIVE, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA and MERRICK B. GARLAND, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, <br><br> Defendants. | Case No. 1:18-cv-1552 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Woodhull Freedom Foundation, Human Rights Watch, Eric Koszyk, Jesse Maley a/k/a Alex Andrews, and The Internet Archive submit this Notice regarding the recent decisions in *Americans for Prosperity Found. v. Bonta,* 2021 WL 2690268 (July 1, 2021) and *NetChoice, LLC v. Moody*, No. 4:21-cv-00220-RH-MAF (N.D. Fla. June 30, 2021), both of which are relevant to Plaintiffs' facial constitutional challenge to the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA"), Pub. L. No. 115-164, 132 Stat. 1253 (2018). Copies of the opinions are attached to this Notice.

In *Americans for Prosperity Found. v. Bonta,* the Supreme Court invalidated on First Amendment grounds a California law that required disclosure of the identities of contributors to tax exempt charities. In doing so, it articulated and applied the proper overbreadth standard for speech regulations, explaining that "[i]n the First Amendment context … we have recognized 'a second type of facial challenge, whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate

sweep.'" 2021 WL 2690268 *11. It noted that "[n]arrow tailoring is crucial where First Amendment activity is chilled—even if indirectly—"[b]ecause First Amendment freedoms need breathing space to survive.'" *Id*. at *7 (quoting *NAACP v. Button*, 371 U.S. 415, 433 (1963)), and held that the California law created "'an unnecessary risk of chilling' in violation of the First Amendment." *12 (quoting *Sec. of State of Md. v. Jos. H. Munson Co.*, 467 U.S. 947, 968 (1984)). This statement of the overbreadth doctrine in the First Amendment context, based on *United States v. Stevens*, 559 U.S. 460, 473 (2010), affirms Plaintiffs' view of the controlling law as set forth in Plaintiffs Motion for Summary Judgment (Dkt. 34-1) ("Plaintiffs' Mot.") at 18-19 and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. 38) at 9-15 ("Plaintiffs' Opp."), and undermines the government's position, as set forth in Gov't Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. 37) ("Gov't Opp.") at 29-31.

Additionally, the decision in *NetChoice, LLC v. Moody*, No. 4:21-cv-00220-RH-MAF (N.D. Fla. June 30, 2021) provides persuasive authority that supports Plaintiffs' arguments while contradicting those of the Government. In *NetChoice*, the court preliminarily enjoined a Florida statute that would have regulated social media platforms' content moderation decisions. The court agreed that online platforms "use editorial judgement in making [moderation] decisions, much as more traditional media providers use editorial judgment when choosing what to put in or leave out of a publication or broadcast," and held the First Amendment was implicated "by dictating how the platforms may arrange speech on their sites." Slip op. 16-17, 23. This analysis undermines the Government's oft-stated position in this case that "FOSTA's provisions, on their face, do not target speech at all." *E.g.*, Gov't Opp. at 30. By contrast, *NetChoice* confirms Plaintiff's arguments that regulating online platforms' management of user-generated content inherently regulates speech. *See* Plaintiffs' Opp. 2-5.

DATED:  July 7, 2021

                                            Respectfully submitted,

                                                  /s/ Robert Corn-Revere
                                            ROBERT CORN-REVERE
                                            D.C. Bar No. 375415
                                            **Davis Wright Tremaine LLP**
                                            1301 K Street, NW, Suite 500 East
                                            Washington, D.C. 20005
                                            Telephone: (202) 973-4200
                                            Facsimile: (202) 973-4499
                                            Email: bobcornrevere@dwt.com
                                                       ronnielondon@dwt.com

                                            LAWRENCE G. WALTERS
                                            Florida Bar No.: 0776599
                                            *Pro Hac Vice*
                                            **Walters Law Group**
                                            195 W. Pine Ave.
                                            Longwood, FL 32750-4104
                                            Telephone: (407) 975-9150
                                            Facsimile: (408) 774-6151
                                            Email: Larry@FirstAmendment.com
                                                       Paralegal@FirstAmendment.com

                                            AARON MACKEY
                                            D.C. Bar No. 1017004
                                            DAVID GREENE
                                            (admitted in California)
                                            *Pro Hac Vice*
                                            CORYNNE MCSHERRY
                                            (admitted in California)
                                            **Electronic Frontier Foundation**
                                            815 Eddy Street
                                            San Francisco, CA 94109
                                            (415) 436-9333
                                            Email:  amackey@eff.org
                                             davidg@eff.org

DAPHNE KELLER
Cal. Bar No. 226614
**Stanford Cyber Policy Center**
616 Jane Stanford Way #E016
Stanford, CA 94305
(650) 725-0325
Email: daphnek@stanford.edu

Attorneys for Plaintiffs