IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-1552-RJL |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

The Texas Supreme Court's decision in *In re Facebook, Inc.*, __ S.W.3d __, 2021 WL 2603687 (Tex. June 25, 2021), cited in Plaintiffs' Notice of Supplemental Authority [ECF 46], does nothing to support the claims that Plaintiffs have raised in this case. The court in *Facebook* addressed a question of statutory interpretation in regard to the scope of immunity provided to internet platforms by 47 U.S.C. § 230(c)—a provision that existed prior to the enactment of FOSTA, the statute at issue in this case. Like several courts before it, the court in *Facebook* recognized a distinction between claims based on an internet platform's passive failure to "do more" to prevent harm by third party users of its site and claims based on the platform's alleged knowing or intentional affirmative conduct. *In re Facebook*, 2021 WL 2603687, at *2. The court held, consistent with the "uniform view of federal courts," that the plaintiffs' state law tort claims fell in the former category and were thus barred pursuant to 47 U.S.C. § 230. *In re Facebook*, 2021 WL 2603687, at *2; *see id.* at *9-10.

On the other hand, the court did allow the plaintiffs' claim under a state human trafficking law, "creating a civil cause of action against anyone 'who intentionally or knowingly benefits from

participating in a venture that traffics another person,'" to proceed. *Id.* at *12 (quoting Tex. Civ. Prac. & Rem. Code § 98.002(a)). The court recognized that "terms such as 'participat[ion]' and 'venture'" have "well-established meanings in related legal contexts," and that such a law is applicable only where the defendant has engaged in "'some affirmative conduct'—that is, 'an overt act' beyond 'mere negative acquiescence'—'designed to aid in the success of the venture.'" *Id.* at *13. The court then cited decisions by several other courts—all issued prior to FOSTA's enactment—holding that Section 230 did not immunize internet platforms from liability arising from their own knowing or intentional affirmative acts. *See id.* (citing *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 413 (6th Cir. 2014); *FTC v. Accusearch Inc.*, 570 F.3d 1187, 1200 (10th Cir. 2009); *Fair Hous. Council v. Roommates.Com, LLC*, 521 F.3d 1157, 1167 (9th Cir. 2008); *J.S. v. Vill. Voice Media Holdings, LLC*, 359 P.3d 714, 717 (Wash. 2015)).

The court cited FOSTA only in connection with a First Circuit decision, in *Jane Doe No. 1 v. Backpage.com, LLC,* 817 F.3d 12 (1st Cir. 2016), that had deviated from this line of cases when dismissing a claim brought under 18 U.S.C. § 1595. *See In re Facebook*, 2021 WL 2603687, at *14 & n.18. The court recognized that FOSTA was a direct response to the *Backpage* decision. *See id.* at *14. It also recognized that FOSTA did not explicitly address state civil claims. *See id.* However, the court read FOSTA to suggest that Congress favored the Ninth Circuit's interpretation of Section 230 in *Roommates.com* over the First Circuit's interpretation in *Backpage*. *See id.* at *15. The court thus cited FOSTA as providing "additional support" for the conclusion that Section 230 does not immunize internet platforms against claims that they have engaged in "affirmative acts" in violation of Texas' sex trafficking law. *Id.* at *16.

Plaintiffs fail to explain how anything in the *Facebook* decision relates to their claims here, which challenge particular FOSTA provisions pursuant to the First Amendment, the Ex Post Facto

2

Clause, and theories of vagueness, "selective removal of immunity," and "defective scienter." Indeed, Plaintiffs admit that the *Facebook* decision does not address FOSTA's "statutory text." Pl. Notice at 2. Rather, as described above, the court in *Facebook* only cites FOSTA to support the court's interpretation of preexisting language in Section 230. But the interpretation of statutory language that is admittedly not part of FOSTA is beyond the scope of Plaintiffs' claims. Because Plaintiffs' claims do not encompass any challenge to state civil laws like that at issue in *Facebook*, the court's analysis in that case of whether Section 230 applies to claims arising under such laws is largely irrelevant.

Indeed, although Plaintiffs argue that the *Facebook* decision "illustrate[s]" how FOSTA "opens the door to expansive interpretations that will chill much online speech," Pl. Notice at 3, the decision does nothing of the kind. For one thing, as the court in *Facebook* explained, other courts had already reached the same conclusion regarding the scope of Section 230 before FOSTA's enactment. *In re Facebook*, 2021 WL 2603687, at *13. The Texas court did not offer an unprecedented interpretation of the scope of Section 230 but merely allowed a claim to proceed under state law that closely mirrors the federal cause of action in 18 U.S.C. § 1595—including with respect to the scienter requirement. Indeed, to the extent the court addressed relevant statutory terms, its decision, far from supporting Plaintiffs, undermines Plaintiffs' arguments. For example, the court's analysis refutes Plaintiffs' argument that the phrase "participation in a venture" in 18 U.S.C. § 1591(a)(2) and 1595(a) is unconstitutionally vague. *See Facebook*, 2021 WL 2603687, at *13 (discussing "well-established meanings" of "participation" and "venture"). Plaintiffs' reliance on this decision to support their claims therefore is misplaced.

Dated:  July 7, 2021                                  Respectfully submitted,

                                                              BRIAN M. BOYNTON
                                                              Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC  20005
Tel. (202) 616-8475 / Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*