**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WOODHULL FREEDOM
    FOUNDATION, *et al.*,

        *Plaintiffs*,

v.

UNITED STATES OF AMERICA, *et al.*,

        *Defendants*.

Case No. 1:18-cv-1552-RJL

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE
OF SUPPLEMENTAL AUTHORITY**

Plaintiffs' Notice of Supplemental Authority filed on July 7, 2021 [ECF 47] fails to identify authority relevant to the instant case, nor does this authority support Plaintiffs' claims here. Plaintiffs first cite *Americans for Prosperity Found. v. Bonta,* 2021 WL 2690268 (July 1, 2021), which held that a California law requiring charitable organizations to disclose the identities of their major donors to the state Attorney General's Office was facially invalid. But the Court in that case applied a level of scrutiny—called "exacting scrutiny"—that specifically applies to the review of "compelled disclosure" laws, including the law at issue in that case. *See id*. at *3, 6. The Court explained that "exacting scrutiny" review applied based on the potential impact of such compelled disclosures on donors' First Amendment freedom of association. *See id.* at *6-7. The Court then concluded that, as a categorical matter, every application of the disclosure requirement at issue was insufficiently tailored under the exacting scrutiny standard, making the law facially overbroad. *See id.* at *11.

Significantly, in *Americans for Prosperity*, the law at issue indisputably compelled the disclosure of information, so there was no question that donors' First Amendment free association

rights were implicated. In contrast, FOSTA, the statute at issue here, has nothing to do with compelled disclosures, and none of Plaintiffs' claims alleges infringement of any First Amendment freedom of association. Rather, Plaintiffs allege violations of freedom of speech, *see* Pl. MSJ Mem. [ECF 34-1] at 1, but, as Defendants have explained, FOSTA's provisions, on their face, do not target speech at all. Def. MSJ Opp. [ECF 37] at 30; Def. MSJ Reply [ECF 40] at 7-13. Neither strict scrutiny nor exacting scrutiny applies here, and there can be no "categorical" lack of tailoring, *Ams. for Prosperity*, 2021 WL 2690268, at *11, when the First Amendment may not even be implicated in every instance. Rather, the analysis set forth in Defendants' briefing remains applicable and should lead the Court to reject Plaintiffs' claims, including their overbreadth claim.

The second case Plaintiffs cite, *NetChoice, LLC v. Moody*, No. 4:21-cv-220, 2021 WL 2690876 (N.D. Fla. June 30, 2021), also fails to support their claims. In *NetChoice*, the district court issued a preliminary injunction barring enforcement of Florida legislation that prohibited social media platforms from restricting access to their platforms by candidates for office or certain large publishers based on the content of their posts. *See id*. at *3, 4, 10-11.[1] Plaintiffs suggest that this decision supports the notion that FOSTA, on its face, regulates speech. Pl. Notice at 2. But unlike any of the FOSTA provisions that Plaintiffs challenge here, the state laws at issue in *NetChoice* expressly regulated social media platforms' exercise of editorial judgment over the content of material appearing on their sites. *NetChoice*, 2021 WL 2690876, at *9 (emphasizing that "the targets of the statutes at issue are the editorial judgments themselves," and that the Florida

---

[1] One of the two provisions at issue in the case prohibits social medial platforms from "using 'post-prioritization or shadow banning algorithms' for content 'posted by or about a user' who is known by the platform to be a candidate for office." *Id.* at *3 (quoting Fla. Stat. § 501.2041(2)(h)). The other prohibits social media platforms from taking action to "'censor, deplatform, or shadow ban' a 'journalistic enterprise,'" meaning any large publisher, "based on the content of its publication or broadcast." *Id.* at *4 (quoting Fla. Stat. § 501.2041(2)(j)).

statutes "explicitly forbid social media platforms from appending their own statements to posts by some users" and "compel the platforms to change their own speech in other respects, including for example, by dictating how the platforms may arrange speech on their sites"). Moreover, because the Florida statues applied only where speech by or about political candidates was involved, the court deemed their speech regulation to be content-based. *Id.* at *10. The *NetChoice* decision therefore does not stand for the proposition that all laws applicable to Internet providers automatically implicate the First Amendment. Rather, the court's decision was based on the terms of the specific state laws at issue in that case.

In contrast to the state laws at issue in *NetChoice*, the FOSTA provisions that Plaintiffs challenge in this case do not on their face reference or otherwise target the content of material appearing on the Internet, or the editorial judgment of Internet platforms; rather, they prohibit, or cross-reference other laws that prohibit, conduct related to illegal prostitution and sex trafficking. *See* Def. MSJ Opp. at 14-18; Def. MSJ Reply at 2-5. The court's decision in *NetChoice* thus has no relevance here and provides no support for Plaintiffs' claims.

Dated:  July 13, 2021                    Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General

                                         BRIGHAM J. BOWEN
                                         Assistant Director, Federal Programs Branch

                                         */s/ Kathryn L. Wyer*___
                                         KATHRYN L. WYER
                                         Federal Programs Branch
                                         U.S. Department of Justice, Civil Division
                                         1100 L Street, N.W., Room 12014
                                         Washington, DC  20005
                                         Tel. (202) 616-8475 / Fax (202) 616-8470
                                         kathryn.wyer@usdoj.gov
                                         *Attorneys for Defendants*