**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION, ) <br> HUMAN RIGHTS WATCH, ERIC KOSZYK, ) <br> JESSE MALEY, a/k/a ALEX ANDREWS, and ) <br> THE INTERNET ARCHIVE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA ) <br> and MERRICK GARLAND, in his official ) <br> capacity as ATTORNEY GENERAL ) <br> OF THE UNITED STATES, ) <br> ) <br> Defendants. ) | Case No. 1:18-cv-1552 |

**PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Plaintiffs Woodhull Freedom Foundation, Human Rights Watch, Eric Koszyk, Jesse Maley a/k/a Alex Andrews, and The Internet Archive, by this Motion, respectfully request that this Court schedule a status conference to discuss how best to proceed in resolving pending cross-motions for summary judgment, which were fully briefed as of October 26, 2020 [ECF Nos. 39, 40]. Since the end of briefing, the parties have filed a series of notices of supplemental authority [ECF Nos. 41, 45, 46, 47] and responses thereto [ECF Nos. 43, 48, 49] to apprise the Court of relevant legal developments. The most recent of these responses was filed July 17, 2021. Since then, various additional courts have issued rulings interpreting provisions of the Allow States and Victims to Fight Online Sex Trafficking Act of 2017, Pub. L. No. 115-164, 132 Stat. 1253 (2018) ("FOSTA"), the law at issue in this case. This raises the question whether the parties may more efficiently inform the court of these developments by supplemental briefing rather than by continuing to file

notices of supplemental authority piecemeal.  Accordingly, Plaintiffs respectfully request that the Court schedule a status conference to discuss how best to proceed.[1]

## BACKGROUND

On June 28, 2018, Plaintiffs filed pre-enforcement facial challenges to FOSTA, alleging that the law violates the First and Fifth Amendments and the Ex Post Facto Clause, and seeking declaratory and injunctive relief.  [ECF No. 1]  After briefing and argument, on September 24, 2018 this Court granted Defendants' motion to dismiss, on grounds the Plaintiffs lacked Article III standing to bring the challenge to the statute, and denied Plaintiffs' motion for preliminary injunction.  [ECF Nos. 25, 26].  Plaintiffs appealed, and on January 24, 2020, the D.C. Circuit reversed, and remanded the case for further proceedings.  *Woodhull Freedom Foundation v. United States*, 948 F.3d 363 (D.C. Cir. 2020).  Once again before this Court, the parties filed cross-motions for summary judgment on August 31, 2020 [ECF Nos. 34, 35] and briefing of the motions was completed on October 26, 2020 [ECF Nos. 39, 40].  After briefing closed, the parties filed notices of supplemental authority [ECF Nos. 41, 45, 46, 47] and responses thereto [ECF Nos. 43, 48, 49].

## ARGUMENT

Since the end of briefing on the parties' cross-motions for summary judgment, a growing number of courts have issued rulings on issues that are relevant to questions presented in this case, and have interpreted provisions of FOSTA that are directly at issue here.  While the parties have advised the court of developments as they have occurred, more decisions have been issued in recent

---

[1] Pursuant to Local Civil Rule 7(m), prior to filing this motion Plaintiff's counsel sought to determine whether the government would support or oppose the request for a status conference.  By email of January 11, 2022, counsel asked whether the government would agree to a joint motion requesting a status conference.  After receiving no response, Plaintiff's counsel inquired again on February 1, this time asking whether Plaintiffs could represent that the government would not be opposed if Plaintiffs moved for a status conference.  By email of February 3, the government responded it would oppose such a motion.

months that interpret provisions of FOSTA at issue in this case. These include *Doe v. Mindgeek USA Inc.*, 2021 WL 4167054 *4 (C.D. Cal. Sept. 3, 2021), *denying motion for certification or interlocutory appeal*, 2021 WL 5990195 *7-9 (C.D. Cal. Dec. 2, 2021) (discussing mens rea requirements and scope of Section 230 amendment); *J.B. v. G6 Hospitality*, LLC, 2021 WL 4079207 *5-12 (N.D. Cal. Sept. 8, 2021) (same); *Doe v. Twitter, Inc.*, 2021 WL 3675207 *20-28 (N.D. Cal. August 19, 2021) (same); *Doe v. Reddit, Inc.*, 2021 WL 5860904 *7-8 (C.D. Cal. Oct. 7, 2021) (same). Plaintiff will refrain from characterizing the various opinions in this motion, except to say the decisions reflect disagreements about the interpretation of FOSTA that are pertinent to issues raised in this case. [2]

In light of these developments, Plaintiffs respectfully request a status conference to discuss how best to update the Court on decisions relevant to the interpretation of FOSTA's provisions and their bearing on this case. Matters to be discussed could include whether the parties should continue to file notices of supplemental authority seriatim, or whether it might be preferable for the parties to provide a more general update, perhaps by supplemental briefing, that reflects authorities issued since the close of briefing in October 2020.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court schedule a status conference to discuss how best to supplement the record to incorporate developments and legal authorities relevant to the disposition of pending cross-motions for summary judgment.

---

[2] Additionally, it is worth noting that in June 2021, the Government Accountability Office issued its report, *Sex Trafficking: Online Platforms and Federal Prosecutions*, GAO 21-385 (GAO-21-385, Sex Trafficking: Online Platforms and Federal Prosecutions), which examines how the law has been applied.

DATED: February 7, 2022

Respectfully submitted,

/s/ Robert Corn-Revere

ROBERT CORN-REVERE
D.C. Bar No. 375415
Davis Wright Tremaine LLP
1301 K Street, NW, Suite 500 East
Washington, D.C. 20005
Telephone: (202) 973-4200
Facsimile: (202) 973-4499
Email: bobcornrevere@dwt.com

LAWRENCE G. WALTERS
Florida Bar No.: 0776599
Pro Hac Vice
Walters Law Group
195 W. Pine Ave.
Longwood, FL 32750-4104
Telephone: (407) 975-9150
Facsimile: (408) 774-6151
Email: Larry@FirstAmendment.com
Paralegal@FirstAmendment.com


AARON MACKEY
D.C. Bar No. 1017004
DAVID GREENE
(admitted in California)
Pro Hac Vice
CORYNNE MCSHERRY
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
Email: amackey@eff.org
davidg@eff.org

DAPHNE KELLER
Cal. Bar No. 226614
Stanford Cyber Policy Center
616 Jane Stanford Way #E016
Stanford, CA 94305
(650) 725-0325
Email: daphnek@stanford.edu

Attorneys for Plaintiffs