IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WOODHULL FREEDOM
FOUNDATION, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES OF AMERICA, *et al.*,

    *Defendants*.

Case No. 1:18-cv-1552-RJL

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR A STATUS CONFERENCE

Defendants oppose Plaintiffs' Motion for a Status Conference because the parties' cross-motions for summary judgment are fully briefed and submitted to the Court for its due consideration. Plaintiffs' argument—which they did not mention when conferring with Defendants about their motion—that subsequent decisions justify a status conference lacks merit. The issues of statutory interpretation addressed in those decisions were previously addressed in cases that the parties cited and discussed in their prior briefing—albeit on Defendants' part, only to point out that those cases were inapposite to Plaintiffs' claims. Plaintiffs therefore identify no justification for deviating from the standard practice of awaiting the Court's ruling. Should any subsequent decision be issued relevant to the issues before the Court, a notice of supplemental authority would be the appropriate vehicle to bring such a decision to the Court's attention.

### BACKGROUND

Since the parties completed briefing on the parties' cross-motions for summary judgment, Defendants filed one Notice of Supplemental Authority, on January 7, 2021, identifying a decision that upheld the Allow States and Victims to Fight Online Sex Trafficking Act of 2017 ("FOSTA")

against overbreadth and vagueness challenges. *See* ECF No. 41. For their part, Plaintiffs have filed three Notices of Supplemental Authority, on March 9, 2021 [ECF No. 45], June 30, 2021 [ECF No. 47], and July 7, 2021 [ECF No. 47]. However, none of the decisions they cited in these Notices addressed or interpreted FOSTA's statutory text and thus had no direct bearing on Plaintiffs' claims in this case, nor did they otherwise support Plaintiffs' claims. *See, e.g.*, Def. Response to Pl. June 30, 2021 Notice [ECF No. 48]; Def. Response to Pl. July 7, 2021 Notice [ECF No 49].[1]

Counsel for Plaintiffs first contacted undersigned counsel for Defendants in early January 2022, proposing that the parties jointly request a status conference due to the length of time that had elapsed since the parties had finished briefing their cross-motions. Counsel for Plaintiffs contacted undersigned counsel again in early February, seeking Defendants' position on Plaintiffs' request for a status conference. In neither communication did counsel for Plaintiffs identify any subsequent authorities that Plaintiffs claimed were relevant to the issues in this case or suggest that there was a need to provide the Court with further briefing. In response, counsel for Defendants stated that Defendants opposed Plaintiffs' proposed request because it was not Defendants' practice to prod the court on fully-briefed pending motions.

Plaintiffs filed their Motion for a Status Conference on February 7, 2022. [ECF No. 50.] In their Motion, Plaintiffs suggest that, since their most recent Notice of Supplemental Authority, "various additional courts have issued rulings interpreting provisions" of FOSTA, and that there is a need for a status conference in order to decide whether it would be more efficient to engage in supplemental briefing rather than "continuing to file notices of supplemental authority piecemeal." Pl. Mot. at 1-2. Plaintiffs cited four decisions issued between August and December 2021 in the

---

[1] Defendants did not respond to Plaintiffs' first Notice because the case it cited addressed the Anti-Riot Act, a statute whose lack of relevance Defendants already addressed in summary judgement briefing. *See* Def. Reply in Supp. of Def. Mot. for S.J. ("Def. Reply") [ECF No. 40] at 11-12.

Central and Northern Districts of California. *Id.* at 2.

In order to better address Plaintiffs' Motion, counsel for Defendants asked counsel for Plaintiffs to identify any other subsequent decisions that Plaintiffs believed warranted supplemental briefing. Plaintiffs identified only one other decision, *Jane Doe #1 v. MG Freesites, Ltd.*, 7:21-cv-00220-LSC (N.D. Ala, Feb. 9, 2022).

## ARGUMENT

Having now reviewed the five decisions Plaintiffs have identified as warranting a status conference and supplemental briefing, Defendants continue to oppose Plaintiffs' Motion for a Status Conference. None of the decisions Plaintiffs have identified address any issue relevant to the constitutional claims that Plaintiffs have raised in this case, including Plaintiffs' claim that FOSTA's criminal provisions in 18 U.S.C. §§ 2421A and 1591 lack the proper scienter requirement. Rather, all of those decisions involve civil claims brought by individuals pursuant to 18 U.S.C. § 1595 and address issues of statutory interpretation regarding the *mens rea* requirement of that provision. *Doe v. Mindgeek USA Inc.*, No. SA-CV-2100338, 2021 WL 4167054, at *4 (C.D. Cal. Sept. 3, 2021) ("This Court agrees with other courts in this Circuit that . . . when a 'plaintiff seeks to impose civil liability under Section 1595 based on a violation of Section 1591(a)(2), the "known or should have known" language of Section 1595 (rather than the actual knowledge standard of Section 1591)' applies." (quoting *Doe v. Twitter, Inc.*, No. 21-cv-485, 2021 WL 3675207, at *23 (N.D. Cal. Aug. 19, 2021) and citing *J.B. v. G6 Hospitality, LLC*, 2020 WL 4901196, at *8 (N.D. Cal. Sept. 8, 2021)); *Doe v. Reddit, Inc.,* No. SA-CV-2100768, 2021 WL 5960904, at *7 (C.D. Cal. Oct. 7, 2021) (holding instead that the "'knowingly' standard from section 1591" applies, when stating a claim under Section 1595 that is exempt from immunity pursuant to 47 U.S.C. § 230(e)(5)(A)); *Jane Doe #1 v. MG Freesites, Ltd.*, 7:21-cv-00220-LSC,

3

slip op. [ECF No. 42] at 35-42 (N.D. Ala, Feb. 9, 2022) (recognizing split in decisions interpreting the *mens rea* for a civil claim under § 1595 but deciding motion to dismiss on other grounds).

Plaintiffs already cited earlier cases addressing the same issue of § 1595 *mens rea* in their Motion for Summary Judgment, and Defendants already explained in their Reply that those cases were inapposite. *See* Def. Reply at 17 ("Plaintiffs raise no argument with respect to the scienter requirement of § 1595, so the cases they cite are inapposite."). The more recent cases that Plaintiffs now cite simply follow the earlier ones and continue to analyze the same questions regarding the statutory interpretation of § 1595 that Defendants already explained have no bearing on Plaintiffs' claims. These cases therefore do not warrant a status conference or supplemental briefing, nor do they warrant even a notice of supplemental authority—which may be why Plaintiffs declined to file one before now, even though the earliest of these cases was issued on August 19, 2021. Should any decision be issued in the future that bears on the issues before the Court in this case, the standard practice of filing a notice of supplemental authority continues to be appropriate.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for a Status Conference.[2]

Dated:  March 7, 2022            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*
KATHRYN L. WYER
Federal Programs Branch

---

[2] Should the Court nevertheless wish to schedule a status conference, undersigned counsel for Defendants notifies the Court that counsel is unavailable the week of March 21-25, 2022 due to out-of-town hearings in two other cases and associated work-related travel.

        U.S. Department of Justice, Civil Division
        1100 L Street, N.W., Room 12014
        Washington, DC  20005
        Tel. (202) 616-8475 / Fax (202) 616-8470
        kathryn.wyer@usdoj.gov
        *Attorneys for Defendants*