APPEAL,CLOSED,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:18–cv–01552–RJL</u>

| | |
|---|---|
| WOODHULL FREEDOM FOUNDATION et al v. UNITED STATES OF AMERICA et al<br>Assigned to: Judge Richard J. Leon<br> Case in other court:  USCA, 18–05298<br>Cause: 42:1983 Civil Rights Act | Date Filed: 06/28/2018<br>Date Terminated: 03/30/2022<br>Jury Demand: None<br>Nature of Suit: 440 Civil Rights: Other<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **WOODHULL FREEDOM FOUNDATION** | represented by | **Robert Corn–Revere**<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street, NW<br>Suite 500 East<br>Washington, DC 20005<br>202–973–4200<br>Fax: 202–973–4499<br>Email: bobcornrevere@dwt.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **David Allen Greene**<br>ELECTRONIC FRONTIER<br>FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>(415) 436–9333<br>Fax: (415) 436–9993<br>Email: davidg@eff.org<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Lawrence G. Walters**<br>WALTERS LAW GROUP<br>195 W. Pine Avenue<br>Longwood, FL 32750<br>(407) 975–9150<br>Fax: (407) 774–6151<br>Email: larry@firstamendment.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Ronald G. London**<br>FOUNDATION FOR INDIVIDUAL<br>RIGHTS IN EDUCATION<br>700 Pennsylvania Avenue, SE<br>Suite 340<br>Washington, DC 20003 |

1

215–717–3473
Email: ronnie.london@thefire.org
*TERMINATED: 02/26/2021*

**Plaintiff**

**HUMAN RIGHTS WATCH**                    represented by   **Robert Corn–Revere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Allen Greene**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence G. Walters**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald G. London**
(See above for address)
*TERMINATED: 02/26/2021*

**Plaintiff**

**ERIC KOSZYK**                    represented by   **Robert Corn–Revere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Allen Greene**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence G. Walters**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald G. London**
(See above for address)
*TERMINATED: 02/26/2021*

**Plaintiff**

**JESSE MALEY**                    represented by   **Robert Corn–Revere**
*also known as*                                    (See above for address)
ALEX ANDREWS                                       *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Allen Greene**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence G. Walters**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald G. London**
(See above for address)
*TERMINATED: 02/26/2021*

**Plaintiff**

**INTERNET ARCHIVE**                    represented by    **Robert Corn–Revere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Allen Greene**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence G. Walters**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald G. London**
(See above for address)
*TERMINATED: 02/26/2021*

V.

**Defendant**

**UNITED STATES OF AMERICA**          represented by    **Kathryn L. Wyer**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 616–8475
Fax: (202) 616–8470
Email: kathryn.wyer@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Todd Cohen**
U.S. DEPARTMENT OF JUSTICE
175 N Street, NE
Washington, DC 20002

202–514–0335
Fax: 202–616–4473
Email: jason.t.cohen@usdoj.gov
*TERMINATED: 03/19/2020*

**Sean Michael Tepe**
U.S. DEPARTMENT OF JUSTICE
555 Fourth Street, NW
Washington, DC 20530
(202) 252–2533
Fax: (202) 252–2599
Email: sean.tepe@usdoj.gov
*TERMINATED: 06/29/2020*

**Defendant**

| | |
|---|---|
| **WILLIAM P. BARR**<br>*in his official capacity as Attorney*<br>*General of the United States* | represented by **Kathryn L. Wyer**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Sean Michael Tepe**<br>(See above for address)<br>*TERMINATED: 06/29/2020* |

**Defendant**

| | |
|---|---|
| **JEFFERSON B. SESSIONS, III**<br>*in his official capacity as Attorney*<br>*General of the United States*<br>*TERMINATED: 03/19/2020* | represented by **Jason Todd Cohen**<br>(See above for address)<br>*TERMINATED: 03/19/2020* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/28/2018 | 1 | | COMPLAINT *for Declaratory and Injunctive Relief* against JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA ( Filing fee $ 400 receipt number 0090–5562787) filed by WOODHULL FREEDOM FOUNDATION, JESSE MALEY, ERIC KOSZYK, HUMAN RIGHTS WATCH, THE INTERNET ARCHIVE. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons)(Corn–Revere, Robert) (Attachment 1 replaced on 6/29/2018) (zmd). (Entered: 06/28/2018) |
| 06/28/2018 | 2 | | Corporate Disclosure Statement by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) (Entered: 06/28/2018) |
| 06/28/2018 | 3 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lawrence G. Walters, :Firm– Walters Law Group, :Address– 195 W. Pine Avenue, Longwood, Florida. Phone No. – (407) 975–9150. Filing fee $ 100, receipt number 0090–5562939. Fee Status: Fee Paid. by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Corn–Revere, Robert) (Entered: 06/28/2018) |

| 06/28/2018 | 4 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David Greene, :Firm– ELECTRONIC FRONTIER FOUNDATION, :Address– 815 Eddy Street, San Francisco, California 94109. Phone No. – (415) 436–9993. Fax No. – (415) 436–9993 Filing fee $ 100, receipt number 0090–5562959. Fee Status: Fee Paid. by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Corn–Revere, Robert) (Entered: 06/28/2018) |
|---|---|---|---|
| 06/28/2018 | 5 | | MOTION for Preliminary Injunction by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Declaration of K. D'Adamo, # 2 Declaration of R. Levy, # 3 Declaration of D. Pokempner, # 4 Declaration of E. Koszyk, # 5 Declaration of J. Maley, # 6 Declaration of B. Kahle, # 7 Declaration of A. Lutnick, # 8 Declaration of A. Levy, # 9 Declaration of K. Mehlman–Orozco, # 10 Text of Proposed Order)(Corn–Revere, Robert) (Entered: 06/28/2018) |
| 06/28/2018 | 6 | | MOTION to Exclude Plaintiffs from Local Rule 7(m) re 5 MOTION for Preliminary Injunction by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Text of Proposed Order)(Corn–Revere, Robert) (Entered: 06/28/2018) |
| 06/28/2018 | | | Case Assigned to Judge Richard J. Leon. (zmd) (Entered: 06/29/2018) |
| 06/29/2018 | 7 | | SUMMONS (2) Issued as to JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA, U.S. Attorney (Attachments: # 1 Notice and Consent) (zmd) (Entered: 06/29/2018) |
| 06/29/2018 | 8 | | CERTIFICATE OF SERVICE by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION re 6 MOTION to Exclude Plaintiffs from Local Rule 7(m) re 5 MOTION for Preliminary Injunction , 4 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– David Greene, :Firm– ELECTRONIC FRONTIER FOUNDATION, :Address– 815 Eddy Street, San Francisco, California 94109. Phone No. – (415) 436–9993. Fax No. – (415) 436–9993 Filing fee &, 5 MOTION for Preliminary Injunction , 3 MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lawrence G. Walters, :Firm– Walters Law Group, :Address– 195 W. Pine Avenue, Longwood, Florida. Phone No. – (407) 975–9150. Filing fee $ 100, receipt number 0090–5562939., 2 Corporate Disclosure Statement . (Corn–Revere, Robert) (Entered: 06/29/2018) |
| 06/29/2018 | 9 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 6/29/18. (Corn–Revere, Robert) (Entered: 06/29/2018) |
| 06/29/2018 | 10 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 6/29/2018. Answer due for ALL FEDERAL DEFENDANTS by 8/28/2018. (Corn–Revere, Robert) (Entered: 06/29/2018) |
| 07/02/2018 | 11 | | NOTICE of filing of Exh. 1 to R. Levy Decl. [Dkt. 5–2] by HUMAN RIGHTS WATCH, ERIC KOSZYK, JESSE MALEY, THE INTERNET ARCHIVE, WOODHULL FREEDOM FOUNDATION re 5 MOTION for Preliminary |

| | | | |
|---|---|---|---|
| | | | Injunction (Attachments: # 1 Exhibit to R. Levy Decl. in Support of Motion for Preliminary Injunction)(Corn–Revere, Robert) (Entered: 07/02/2018) |
| 07/02/2018 | 12 | | NOTICE of Appearance by Jason Todd Cohen on behalf of All Defendants (Cohen, Jason) (Entered: 07/02/2018) |
| 07/02/2018 | 13 | | NOTICE of Appearance by Ronald G. London on behalf of All Plaintiffs (London, Ronald) (Entered: 07/02/2018) |
| 07/05/2018 | | | MINUTE ORDER: Upon consideration of 3 Motion for Leave to Appear Pro Hac Vice, it is hereby ORDERED that Lawrence G. Walters is allowed to appear pro hac vice for Plaintiffs in this case. SO ORDERED. Signed by Judge Richard J. Leon on 7/5/2018. (lcrjl2) (Entered: 7/5/2018) (Entered: 07/05/2018) |
| 07/05/2018 | | | MINUTE ORDER: Upon consideration of 4 Motion for Leave to Appear Pro Hac Vice, it is hereby ORDERED that David Greene is allowed to appear pro hac vice for Plaintiffs in this case. SO ORDERED. Signed by Judge Richard J. Leon on 7/5/2018. (lcrjl2) (Entered: 07/05/2018) (Entered: 07/05/2018) |
| 07/05/2018 | | | MINUTE ORDER. Upon consideration of 5 Motion for Preliminary Injunction, it is hereby ORDERED that Defendants shall file their Opposition to 5 the Motion by 6:00pm on July 10, 2018, and that Plaintiffs shall file their Reply in support of 5 the Motion by 6:00pm on July 17, 2018. It is further ORDERED that a hearing on the 5 Motion for Preliminary Injunction is scheduled for July 19, 2018 at 4:00pm before Judge Richard J. Leon in Courtroom 18. SO ORDERED. Signed by Judge Richard J. Leon on 7/5/2018. (lcrjl2, ) (Entered: 07/05/2018) |
| 07/05/2018 | 14 | | First MOTION for Extension of Time to File Response/Reply as to 5 MOTION for Preliminary Injunction by JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Cohen, Jason) (Entered: 07/05/2018) |
| 07/05/2018 | | | Set/Reset Deadlines/Hearings: Defendants Opposition to the Motion for 5 Preliminary Injunction is due by 6:00 PM on 7/10/2018; Plaintiffs Reply is due by 6:00 PM on 7/17/2018; a Hearing on the Motion for Preliminary Injunction is scheduled for 7/19/2018 at 4:00 PM before Judge Richard J. Leon in Courtroom 18. (jth) (Entered: 07/08/2018) |
| 07/10/2018 | | | MINUTE ORDER. Upon consideration of 14 Defendants' First Motion for Extension of Time to File Opposition to Plaintiffs' Motion for Preliminary Injunction 5 , and for good cause shown, it is hereby ORDERED that Defendants shall file their Opposition to 5 the Motion for Preliminary Injunction by 6:00pm on July 12, 2018, and that Plaintiffs shall file their Reply in support of 5 the Motion by 6:00pm on July 17, 2018. It is further ORDERED that a hearing on the 5 Motion for Preliminary Injunction is scheduled for July 19, 2018 at 4:00pm before Judge Richard J. Leon in Courtroom 18. SO ORDERED. Signed by Judge Richard J. Leon on 7/10/2018. (lcrjl2, ) (Entered: 07/10/2018) |
| 07/12/2018 | 15 | | Memorandum in opposition to re 5 MOTION for Preliminary Injunction *and Motion to Dismiss Plaintiffs' Complaint* filed by JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Mar. 23, 2018, Letter to OMB from DOJ, # 2 Text of Proposed Order)(Cohen, Jason) (Entered: 07/12/2018) |

| 07/12/2018 | 16 | | MOTION to Dismiss *(Duplicate filing of ECF No. 15)* by JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA (Attachments: # 1 Exhibit Mar. 23, 2018, Letter to OMB from DOJ, # 2 Text of Proposed Order)(Cohen, Jason) (Entered: 07/12/2018) |
| 07/17/2018 | 17 | | REPLY to opposition to motion re 5 MOTION for Preliminary Injunction filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) (Entered: 07/17/2018) |
| 07/19/2018 | | | Minute Entry for Proceedings held before Judge Richard J. Leon: Motion Hearing held on 7/19/2018 re: Plaintiffs' 5 Motion for Preliminary Injunction. Plaintiffs' 5 Motion was Heard and Taken Under Advisement. The parties may file supplemental pleadings within ten (10) days of their receipt of the transcript. (Court Reporter: William P. Zaremba) (jth) (Entered: 07/19/2018) |
| 07/20/2018 | 18 | | STANDING ORDER. Signed by Judge Richard J. Leon on 7/20/2018. (lcrjl2, ) (Entered: 07/20/2018) |
| 07/26/2018 | 19 | | RESPONSE re 16 MOTION to Dismiss *(Duplicate filing of ECF No. 15)* filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) (Entered: 07/26/2018) |
| 08/02/2018 | 20 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 16 MOTION to Dismiss *(Duplicate filing of ECF No. 15)* by JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Cohen, Jason) (Entered: 08/02/2018) |
| 08/03/2018 | | | MINUTE ORDER: Upon consideration of 20 Defendants' Unopposed Motion for Extension of Time to File Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, it is hereby ORDERED that 20 the Motion is GRANTED. It is further ORDERED that the deadline for Defendants to file their Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss is extended to August 6, 2018. Signed by Judge Richard J. Leon on 8/3/2018. (lcrjl2, ) (Entered: 08/03/2018) |
| 08/06/2018 | 21 | | REPLY to opposition to motion re 16 MOTION to Dismiss *(Duplicate filing of ECF No. 15)* filed by JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA. (Cohen, Jason) (Entered: 08/06/2018) |
| 08/06/2018 | 22 | | SUPPLEMENTAL MEMORANDUM re 5 MOTION for Preliminary Injunction filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) (Entered: 08/06/2018) |
| 08/13/2018 | 23 | | TRANSCRIPT OF MOTION FOR PRELIMINARY INJUNCTION HEARING PROCEEDINGS before Judge Richard J. Leon held on July 19, 2018; Page Numbers: 1–43. Date of Issuance: August 13, 2018. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354–3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public termi nal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other |

| | | | |
|---|---|---|---|
| | | | transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter. |
| | | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/3/2018. Redacted Transcript Deadline set for 9/13/2018. Release of Transcript Restriction set for 11/11/2018.(wz) (Entered: 08/13/2018) |
| 08/14/2018 | 24 | | Consent MOTION for Extension of Time to *Confer and to File Joint Meet and Confer Statement* by JEFFERSON B. SESSIONS, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Cohen, Jason) (Entered: 08/14/2018) |
| 09/24/2018 | 25 | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 9/24/2018. (jth) (Entered: 09/24/2018) |
| 09/24/2018 | 26 | | ORDER. For the reasons stated in the accompanying Memorandum Opinion, defendants' 16 Motion to Dismiss is GRANTED, and plaintiffs' 5 Motion for Preliminary Injunction is DENIED as moot. SO ORDERED. Signed by Judge Richard J. Leon on 9/24/2018. (jth) (Entered: 09/24/2018) |
| 10/09/2018 | 27 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 26 Order on Motion for Preliminary Injunction,, Order on Motion to Dismiss, by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. Filing fee $ 505, receipt number 0090−5728095. Fee Status: Fee Paid. Parties have been notified. (Corn−Revere, Robert) (Entered: 10/09/2018) |
| 10/09/2018 | 28 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 27 Notice of Appeal to DC Circuit Court. (zrdj) (Entered: 10/09/2018) |
| 10/12/2018 | | | USCA Case Number 18−5298 for 27 Notice of Appeal to DC Circuit Court, filed by JESSE MALEY, ERIC KOSZYK, INTERNET ARCHIVE, HUMAN RIGHTS WATCH, WOODHULL FREEDOM FOUNDATION. (zrdj) (Entered: 10/15/2018) |
| 03/18/2020 | 29 | | MANDATE of USCA as to 27 Notice of Appeal to DC Circuit Court, filed by JESSE MALEY, ERIC KOSZYK, INTERNET ARCHIVE, HUMAN RIGHTS WATCH, WOODHULL FREEDOM FOUNDATION ; USCA Case Number 18−5298. (Attachment: # 1 USCA Judgment)(zsb) (Entered: 03/19/2020) |
| 03/19/2020 | 30 | | NOTICE OF SUBSTITUTION OF COUNSEL by Sean Michael Tepe on behalf of All Defendants Substituting for attorney Jason Cohen (Tepe, Sean) (Entered: 03/19/2020) |
| 06/29/2020 | 31 | | MOTION for Telephone Conference − *Request for Scheduling Conference* by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE |

| | | | |
|---|---|---|---|
| | | | MALEY, WOODHULL FREEDOM FOUNDATION (Corn–Revere, Robert) Modified per counsel to remove the wording "joint" on 6/29/2020 (ztd). (Entered: 06/29/2020) |
| 06/29/2020 | 32 | | NOTICE OF SUBSTITUTION OF COUNSEL by Kathryn L. Wyer on behalf of WILLIAM P. BARR, UNITED STATES OF AMERICA Substituting for attorney Sean M. Tepe (Wyer, Kathryn) (Entered: 06/29/2020) |
| 06/29/2020 | 33 | | RESPONSE re 31 Joint MOTION for Telephone Conference – *Request for Scheduling Conference* filed by WILLIAM P. BARR, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 06/29/2020) |
| 07/07/2020 | | | MINUTE ORDER. Upon consideration of 31 Request for Scheduling Conference, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that a telephonic scheduling conference is set for July 13, 2020 at 3:00 PM before Judge Richard J. Leon. The Deputy Clerk will contact the parties regarding instructions for participating in the conference. SO ORDERED. Signed by Judge Richard J. Leon on 7/7/2020. (lcrjl1) (Entered: 07/07/2020) |
| 07/07/2020 | | | Set/Reset Hearings: Telephonic Scheduling Conference Call is set for 7/13/2020 at 3:00 PM before Judge Richard J. Leon. (jth) (Entered: 07/07/2020) |
| 07/13/2020 | | | Minute Entry for proceedings held before Judge Richard J. Leon: Telephone Scheduling Conference Call held on 7/13/2020. Scheduling Order to be issued by the Court. (Court Reporter: William P. Zaremba) (jth) (Entered: 07/13/2020) |
| 07/16/2020 | | | MINUTE ORDER. It is hereby ORDERED that the any cross–motions for summary judgment shall be due within 45 days of this order, oppositions shall be due within 30 days of the filing of any cross–motions for summary judgment, and any replies in support of any cross–motions for summary judgment shall be due within 15 days of the filing of oppositions. SO ORDERED. Signed by Judge Richard J. Leon on 7/16/2020. (lcrjl1) (Entered: 07/16/2020) |
| 08/31/2020 | 34 | | MOTION for Summary Judgment by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of K. D'Adamo (Ex. A to Statement of Facts), # 4 Exhibit to D'Adamo Decl., # 5 Declaration of J. Ashooh (Ex. B to Statement of Facts), # 6 Declaration of A. Lutnik (Ex. C to Statement of Facts), # 7 Exhibit to Lutnik Decl., # 8 Declaration of A. Yelderman (Ex. D to Statement of Facts), # 9 Exhibit to Yelderman Decl., # 10 Declaration of J. Maley (Ex. E to Statement of Facts), # 11 Declaration of B. Kahle (Ex. F to Statement of Facts), # 12 Declaration of R. Levy (Ex. G to Statement of Facts), # 13 Exhibit to Levy Decl., # 14 Declaration of E. Koszyk (Ex. H to Statement of Facts), # 15 Declaration of D. PoKempner (Ex. I to Statement of Facts), # 16 Text of Proposed Order)(Corn–Revere, Robert) (Entered: 08/31/2020) |
| 08/31/2020 | 35 | | MOTION for Summary Judgment by WILLIAM P. BARR, UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order)(Wyer, Kathryn) (Entered: 08/31/2020) |
| 09/14/2020 | 36 | | MOTION for Extension of Time to File Response/Reply as to 35 MOTION for Summary Judgment , 34 MOTION for Summary Judgment by WILLIAM P. |

| | | |
|---|---|---|
| | | BARR, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 09/14/2020) |
| 09/16/2020 | | MINUTE ORDER. Upon consideration of 36 Defendants' Uncontested Motion for an Extension of Time, it is hereby ORDERED that the motion is GRANTED. It is ORDERED that the parties will file their oppositions to the cross–motions for summary judgment on or before October 9, 2020. It is further ORDERED that the parties will file their replies on or before October 26, 2020. SO ORDERED. Signed by Judge Richard J. Leon on 9/16/20. (lcrjl1) (Entered: 09/16/2020) |
| 09/17/2020 | | Set/Reset Deadlines: Response to Cross Motions due by 10/9/2020. Reply to Cross Motions due by 10/26/2020. (tb) (Entered: 09/17/2020) |
| 10/09/2020 | 37 | Memorandum in opposition to re 34 MOTION for Summary Judgment filed by WILLIAM P. BARR, UNITED STATES OF AMERICA. (Attachments: # 1 Response to Plaintiffs' Statement of Facts, # 2 Declaration of Kathryn Wyer, # 3 Text of Proposed Order)(Wyer, Kathryn) (Entered: 10/09/2020) |
| 10/09/2020 | 38 | Memorandum in opposition to re 35 MOTION for Summary Judgment filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Attachments: # 1 Response to Defendants' Statement of Material Facts Not In Dispute)(Corn–Revere, Robert) (Entered: 10/09/2020) |
| 10/26/2020 | 39 | REPLY to opposition to motion re 34 MOTION for Summary Judgment filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) (Entered: 10/26/2020) |
| 10/26/2020 | 40 | REPLY to opposition to motion re 35 MOTION for Summary Judgment filed by WILLIAM P. BARR, UNITED STATES OF AMERICA. (Wyer, Kathryn) (Entered: 10/26/2020) |
| 01/07/2021 | 41 | NOTICE OF SUPPLEMENTAL AUTHORITY by WILLIAM P. BARR, UNITED STATES OF AMERICA (Attachments: # 1 Memorandum Opinion and Order, United States v. Martono (N.D. Tex. Jan. 5, 2021))(Wyer, Kathryn) (Entered: 01/07/2021) |
| 01/11/2021 | 42 | ENTERED IN ERROR.....RESPONSE re 41 NOTICE OF SUPPLEMENTAL AUTHORITY filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) Modified on 1/12/2021 (zjf). (Entered: 01/11/2021) |
| 01/12/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 42 Response to Document was entered in error and counsel was instructed to refile said pleading as proper pleading. (Counsel should review LCvR 5.1 (a) CORRESPONDENCE WITH THE COURT) (zjf) (Entered: 01/12/2021) |
| 01/12/2021 | | NOTICE OF ERROR re 42 Response to Document; emailed to bobcornrevere@dwt.com, cc'd 25 associated attorneys –– The PDF file you docketed contained errors: 1. Incorrect header/caption/case number, 2. Please refile document, 3. as a proper pleading. Case caption Court heading Case number etc. (zjf, ) (Entered: 01/12/2021) |
| 01/12/2021 | 43 | |

| | | | |
|---|---|---|---|
| | | | RESPONSE re 41 NOTICE OF SUPPLEMENTAL AUTHORITY filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) (Entered: 01/12/2021) |
| 02/26/2021 | 44 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. Attorney Ronald G. London terminated. (London, Ronald) (Entered: 02/26/2021) |
| 03/09/2021 | 45 | | NOTICE OF SUPPLEMENTAL AUTHORITY by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Exhibit)(Corn–Revere, Robert) (Entered: 03/09/2021) |
| 06/30/2021 | 46 | | NOTICE OF SUPPLEMENTAL AUTHORITY by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Superior Court Documents)(Corn–Revere, Robert) (Entered: 06/30/2021) |
| 07/07/2021 | 47 | | NOTICE OF SUPPLEMENTAL AUTHORITY by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION (Attachments: # 1 Americans for Prosperity Foundation v Bonta, # 2 Order Granting Preliminary Injunction – NetChoice v Moody)(Corn–Revere, Robert) (Entered: 07/07/2021) |
| 07/07/2021 | 48 | | RESPONSE *Defendants' Response to Plaintiffs' Notice of Supplemental Authority* by WILLIAM P. BARR, UNITED STATES OF AMERICA re 46 NOTICE OF SUPPLEMENTAL AUTHORITY (Wyer, Kathryn) Modified event title on 7/15/2021 (znmw). (Entered: 07/07/2021) |
| 07/13/2021 | 49 | | RESPONSE *Defendants' Response* by WILLIAM P. BARR, UNITED STATES OF AMERICA re 47 NOTICE OF SUPPLEMENTAL AUTHORITY, (Wyer, Kathryn) Modified event title on 7/15/2021 (znmw). (Entered: 07/13/2021) |
| 02/07/2022 | 50 | | MOTION for Hearing – *Status Conference* by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Attachments: # 1 Text of Proposed Order)(Corn–Revere, Robert) (Entered: 02/07/2022) |
| 02/15/2022 | 51 | | MOTION for Extension of Time to File Response/Reply as to 50 MOTION for Hearing – *Status Conference* by WILLIAM P. BARR, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 02/15/2022) |
| 02/17/2022 | | | MINUTE ORDER. Upon consideration of defendants' 51 Motion for Extension of Time to File Response/Reply, it is hereby ORDERED that motion is GRANTED. It is further ORDERED that Defendants shall file any response to plaintiffs' motion on or before March 7, 2022. SO ORDERED. Signed by Judge Richard J. Leon on 2/17/2022. (lcrjl1) (Entered: 02/17/2022) |
| 03/07/2022 | 52 | | Memorandum in opposition to re 50 MOTION for Hearing – *Status Conference* filed by WILLIAM P. BARR, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Wyer, Kathryn) (Entered: 03/07/2022) |

| 03/08/2022 | 53 | | REPLY re 51 MOTION for Extension of Time to File Response/Reply as to 50 MOTION for Hearing – *Status Conference* filed by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. (Corn–Revere, Robert) Modified on 3/9/2022 (zjf). (Entered: 03/08/2022) |
| 03/29/2022 | 54 | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 03/29/2022. (lcrjl1) (Entered: 03/29/2022) |
| 03/29/2022 | 55 | | ORDER. The Clerk is directed to close this case. Signed by Judge Richard J. Leon on 03/29/2022. (lcrjl1) (Entered: 03/29/2022) |
| 04/25/2022 | 56 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 54 Order on Motion for Summary Judgment,, Order on Motion for Hearing by HUMAN RIGHTS WATCH, INTERNET ARCHIVE, ERIC KOSZYK, JESSE MALEY, WOODHULL FREEDOM FOUNDATION. Filing fee $ 505, receipt number ADCDC–9192156. Fee Status: Fee Paid. Parties have been notified. (Corn–Revere, Robert) (Entered: 04/25/2022) |

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**333 Constitution Avenue, NW**
**Washington, DC 20001-2866**
**Phone: 202-216-7000 | Facsimile: 202-219-8530**

Plaintiff: Woodhull Freedom Foundation; Human Rights Watch; Eric Koszyk; Jesse Maley, a/k/a Alex Andrews; The Internet Archive

vs.                              Civil Action No.  1:18-cv-1552

Defendant: United States of America and Merrick Garland, Attorney General of the United States

## CIVIL NOTICE OF APPEAL

Notice is hereby given this  25  day of  April   20 22 , that
Woodhull Freedom Foundation; Human Rights Watch;
Eric Koszyk; Jesse Maley, a/k/a Alex Andrews; The Internet Archive

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgment of this court entered on the  29 day of  March  , 20 22 , in

favor of  United States of America and Merrick Garland, Attorney General of the United States

against said  Woodhull Freedom Foundation; Human Rights Watch; Eric Koszyk; Jesse Maley, a/k/a Alex Andrews; The Internet Archive

Attorney/Pro Se Party Signature:  _Robert Corn-Revere_

Name:  Robert Corn-Revere

Address:  Davis Wright Tremaine, LLP

1301 K Street, NW, Suite 500-East

Washington, D.C. 20005-4200

Telephone: ( 202 )  973-4200

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
Rev. June 2017

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WOODHULL FREEDOM FOUNDATION**, *et al.*, | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | )   **Civil Case No. 18-1552 (RJL)** <br> ) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) <br> ) <br> ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION
(March 29, 2022) [Dkt. ## 34, 35]

Plaintiffs—comprised of "advocacy and human rights organizations, two individuals and the leading archival collection of Internet content," Compl. ¶ 2 [Dkt. # 1][1]—have brought this action challenging the constitutionality of the Allow States and Victims to Fight Online Sex Trafficking Act of 2017, Pub. L. No. 115-164, 132 Stat. 1253 (2018) ("FOSTA" or "the Act").  Plaintiffs raise a number of constitutional claims, including that FOSTA violates the First and Fifth Amendments to the U.S. Constitution, as well as the Ex Post Facto clause of Article I, Section 9.  *See id.* ¶¶ 126–174.  More specifically, plaintiffs assert that FOSTA is overbroad and vague in multiple ways; that it discriminates against certain speech based on its content and viewpoint; and that it

---

[1] The plaintiffs are: the Woodhull Freedom Foundation (an advocacy and lobbying organization for sexual freedom); Human Rights Watch (a generalized human rights monitoring and advocacy organization); Jesse Maley (also known as Alex Andrews, who founded and manages a website, "Rate that Rescue," which provides resources and information to sex workers); Eric Koszyk (a licensed massage therapist who relies on Craigslist for advertising); and the Internet Archive (an internet service that, unsurprisingly, focuses on preserving websites to prevent their erasure or disappearance with the passage of time).  *See* Compl. ¶¶ 15–19.

impermissibly imposes liability on conduct that was lawful at the time it occurred. *Id.* Plaintiffs seek declaratory relief stating that FOSTA is unconstitutional as well as an injunction prohibiting enforcement of the Act. Defendants, the United States and the Attorney General ("defendants" or "the Government"), disagree and argue that the statute suffers from none of the claimed constitutional infirmities and thus plaintiffs are not entitled to the relief they seek. Before me are the parties' cross-motions for summary judgment. Upon consideration of the pleadings, the record, and the relevant law, and for the reasons stated below, I agree with the Government that plaintiffs' challenges to FOSTA are without merit. As a result, the defendants' cross-motion for summary judgment is **GRANTED**, plaintiffs' motion for summary judgment is **DENIED**, and this case is hereby dismissed.

## BACKGROUND

### I.    Statutory Scheme

FOSTA was enacted in April 2018 and took immediate effect. Pub. L. No. 115-164, § 4(b), 132 Stat. at 1253. It begins by memorializing the "sense of Congress" that the Communications Decency Act of 1996, as codified at 47 U.S.C. § 230 ("Section 230"), "was never intended to provide legal protection to websites that unlawfully promote and facilitate prostitution and websites that facilitate traffickers in advertising the sale of unlawful sex acts with sex trafficking victims." FOSTA § 2(1), 132 Stat. at 1253.[2] Further, Congress found that "websites that promote and facilitate prostitution have been reckless

---

[2] The 1996 Communications Decency Act itself amended the Communications Act of 1934.

2

in allowing the sale of sex trafficking victims and have done nothing to prevent the trafficking of children and victims of force, fraud, and coercion." *Id.* § 2(2). As a result, the Act notes, Congress concluded that "clarification of [Section 230] is warranted" to ensure that it does not shield "such websites" from appropriate liability. *Id.* § 2(3).

To this end, the Act adds one section to the U.S. Code while amending three others. First, FOSTA enacted 18 U.S.C. § 2421A, which creates a federal criminal offense for owning, managing, or operating "an interactive computer service . . . with the intent to promote or facilitate the prostitution of another person," or attempting or conspiring to do so. 18 U.S.C. § 2421A(a). This offense is punishable by fine or imprisonment for a term of up to ten years. *Id.* FOSTA further allows that any defendant facing this charge may raise an affirmative defense that "the promotion or facilitation of prostitution is legal in the jurisdiction where the promotion or facilitation was targeted." *Id.* § 2421A(e). The defendant bears the burden of establishing this affirmative defense by a preponderance of the evidence. *Id.*

FOSTA also creates an "aggravated" version of this offense, punishable by a fine or a term of imprisonment of up to twenty-five years. *Id.* § 2421A(b). This aggravated offense requires proof of an additional element on top of those already required to be convicted for the base offense contained in § 2421A(a). Therefore, liability under § 2421A(b) may attach only to a defendant who owns, manages, or operates an interactive computer service with the intent to promote or facilitate the prostitution of another person—the base offense—*and* either (1) "promotes or facilitates the prostitution of five

3

or more persons," *see id.* § 2421A(b)(1), or (2) "acts in reckless disregard of the fact that such conduct contributed to sex trafficking[] in violation of 18 U.S.C. § 1591(a)," *see id.* § 2421A(b)(2). Section 1591(a) is a preexisting provision of the criminal law that prohibits sex trafficking. *See id.* § 1591(a). FOSTA also directs that restitution be imposed by the court for any violation of subsection (b)(2). Lastly, § 2421A(c) provides that victims of violations of § 2421A(b) may bring civil suits in federal court to "recover damages and reasonable attorneys' fees." *Id.* § 2421A(c).

Section 4 of FOSTA proceeds to explicate and amend the scope of Section 230.[3] More specifically, it clarifies the preemptive effect of Section 230, stating that "nothing in" Section 230(c)(1)—a provision that immunizes providers of interactive computer services from liability for the speech of third parties—"shall be construed to impair or limit" three categories of civil claims and criminal prosecutions. *Id.* § 230(e)(5). Those claims include federal civil claims brought pursuant to 18 U.S.C. § 1591; criminal prosecutions brought pursuant to state law where the underlying conduct would be a violation of 18 U.S.C. § 1591; and criminal prosecutions brought pursuant to state laws where the underlying conduct would be a violation of 18 U.S.C. § 2421A (the newly added criminal provision

---

[3] As I described in my previous opinion in this case, *see Woodhull Freedom Fdn. v. United States* (*Woodhull I*), 334 F. Supp. 3d 185, 190–91 (D.D.C. 2018), Section 230 has two principal functions. First, the statute immunizes interactive computer services from liability for content created by third parties. *See* 47 U.S.C. § 230(c)(1) (providing that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider"); *id.* § 230(e)(3) (preempting conflicting state and local law). At the same time, Section 230 further encourages such services to undertake "Good Samaritan" content screening by precluding civil liability for "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected," as well as for actions made to enable or make available technical means of restricting access to such materials. *See id.* § 230(c)(2); *see also Bennett v. Google, LLC*, 882 F.3d 1163, 1165 (D.C. Cir. 2018) (noting that Section 230 "encourage[s] service providers to self-regulate the dissemination of offensive material over their services").

discussed above), and where the affirmative defense contained in § 2421A(e) does not apply. *See id.*; *see also* FOSTA § 4(a), 132 Stat. at 1254.  Section 4 of the Act lastly provides that its amendments "shall take effect on the date of the enactment of this Act," and that the above-described changes to Section 230 preemption "shall apply regardless of whether the conduct alleged occurred, or is alleged to have occurred, before, on, or after such date of enactment." FOSTA § 4(b), 132 Stat. at 1264–65.

Next, FOSTA amends 18 U.S.C. § 1591, the provision of the U.S. Code that prohibits sex trafficking, by inserting a new definition.  The new definition clarifies that the term "participation in a venture" as used in that section means "knowingly assisting, supporting, or facilitating" sex trafficking. *See id.* § 5, 132 Stat. at 1265; 18 U.S.C. § 1591(e)(4).  The term "participation in a venture" appears earlier in the same section but previously was left undefined. *See* 18 U.S.C. § 1591(a)(2) (criminalizing the knowing "participation in a venture" to cause sex trafficking of an adult by "force, fraud, or coercion" or of a minor).  Lastly, FOSTA amends 18 U.S.C. § 1595 by authorizing state attorneys general to bring civil actions on behalf of residents of the state who have been "threatened or adversely affected by any person who violates" 18 U.S.C. § 1591. *See* 18 U.S.C. § 1595(d).[4]

---

[4] FOSTA also includes a so-called savings clause (clarifying that the Act should not be construed to limit or preempt prosecutions or civil actions that were previously not limited or preempted by Section 230), as well as a requirement that the Government Accountability Office produce a study on cases brought pursuant to FOSTA's amendments, *see* FOSTA §§ 7, 8, 132 Stat. at 1255–56, but these provisions are not directly at issue in this case.

## II.    Procedural History

Shortly after FOSTA's enactment, plaintiffs filed this lawsuit against the United States and the U.S. Attorney General, seeking declaratory relief and to enjoin enforcement of FOSTA due to its alleged facial constitutional defects.  I described the plaintiffs and their stated interests at some length in my previous opinion in this case, *see Woodhull I*, 334 F. Supp. 3d 185, 192–94, but for reference they are briefly recounted here.  They include three organizations: the Woodhull Freedom Foundation (an advocacy and lobbying organization for sexual freedom), Human Rights Watch (a generalized human rights monitoring and advocacy organization), and the Internet Archive (an internet service that, unsurprisingly, focuses on preserving websites to prevent their erasure or disappearance with the passage of time).  There are also two individual plaintiffs: Jesse Maley (also known as Alex Andrews), who founded and manages a website, "Rate that Rescue," which provides resources and information to sex workers and which, she alleges, could face prosecution under her reading of FOSTA's criminal provisions; and Eric Koszyk, a licensed massage therapist who states that he relies on Craigslist for a large portion of his advertising and had been harmed by Craigslist removing massage advertisements in the aftermath of FOSTA's enactment.  *See generally id.*; *see also* Compl. ¶¶ 15–19.

Plaintiffs moved for a preliminary injunction concurrent with the filing of their complaint.  *See* Pls.' Mot. for Prelim. Inj. [Dkt. # 5].  The Government thereafter opposed that motion and moved to dismiss the case for lack of subject matter jurisdiction, contending that each of the plaintiffs lacked standing to bring a facial, pre-enforcement

6

constitutional challenge to the Act because they could not demonstrate a credible threat of prosecution under the act, and thus lacked the injury requisite for Article III standing. *See* Defs.' Mem. in Opp. to Pls.' Mot. for Prelim. Inj. and Mot. to Dismiss [Dkt. # 15]. I agreed with the defendants and granted the motion to dismiss. *See Woodhull I*, 334 F. Supp. 3d at 198–203.

Plaintiffs appealed from that decision, and our Court of Appeals reversed, finding that at least the two individual plaintiffs, Andrews and Koszyk, had sufficiently established their Article III standing such that this case could proceed. *See Woodhull Freedom Fdn. v. United States (Woodhull II)*, 948 F.3d 363, 371–73 (D.C. Cir. 2020). Because both parties contend that the reasoning behind this holding on standing bears on the merits of plaintiffs' claims on remand, I provide a brief description of the opinion of the panel majority and the partial concurrence here:

The majority held that Andrews had established Article III standing to mount a pre-enforcement challenge to FOSTA under the standard clarified by the Supreme Court in *Susan B. Anthony List v. Driehaus ("SBA")*, 573 U.S. 149 (2014). In *SBA*, the Court held that pre-enforcement standing in this context required a prospective plaintiff to show that they intended to engage in conduct "arguably affected with a constitutional interest," that the conduct was "arguably proscribed by [the] statute," and that "the threat of future enforcement of the [statute] was substantial." *Woodhull II*, 948 F.3d at 371 (quoting *SBA*, 573 U.S. at 164). As relevant here, the panel concluded that Andrews, by alleging an intent to continue operating Rate that Rescue, had met this bar: more specifically, the operation

7

of Rate that Rescue was "arguably" proscribed by FOSTA under either plaintiffs' broad reading of 18 U.S.C. § 2421A or the narrower reading endorsed by the defendants. *Id.* at 120–21. Additionally, the panel held that Koszyk had made a sufficient showing as to redressability, concluding that he had established that a favorable decision could prompt Craigslist to reinstate advertising it removed following FOSTA's enactment. *Id.* at 122.

Judge Katsas, meanwhile, concurred in part and with the judgment, clarifying the scope of the panel's holding as to the scope of FOSTA and specifically 18 U.S.C. § 2421A. *See id.* at 122–24 (Katsas, J., concurring in part and concurring in the judgment). In so doing, Judge Katsas rejected plaintiffs' reading of § 2421A, "which," he stated, "ignores or overreads all the key statutory terms." *Id.* at 123. He noted that the majority "neither adopt[ed] this construction of FOSTA nor follow[ed] it to its logical conclusion," but that instead the majority had "identif[ied] this construction as at least one possible reading of FOSTA." *Id.* Despite rejecting the plaintiffs' reading of the statute and instead adopting a reading consistent with that endorsed in my earlier opinion, *see Woodhull I*, 334 F. Supp. 3d at 199–201, Judge Katsas concluded that at least some of the alleged activities undertaken on Andrews's platform—such as the provision of specific information about payment processors—arguably could be proscribed by FOSTA even under the narrower reading, and thus Andrews had standing. *Id.*

On remand, the parties filed cross-motions for summary judgment, *see* Pls.' Mot. for Summ. J. [Dkt. # 34]; Defs.' Mot. for Summ. J. [Dkt. # 35], which are now pending before the Court.

8

## LEGAL STANDARD

The Court may enter summary judgment for a moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agree that there are no facts in dispute material to the merits of plaintiffs' facial constitutional claims, *see* Defs.' Mem. in Opp. to Pls.' Mot. for Summ. J. at 44 [Dkt. # 37]; Pls.' Reply to Defs.' Opp. at 24 [Dkt. # 39], and thus the Court may enter judgment based solely on FOSTA's statutory language.[5] *See, e.g., Ezell v. City of Chi.*, 651 F.3d 684, 698 (7th Cir. 2011).

## ANALYSIS

Plaintiffs muster six distinct bases on which to conclude that FOSTA is facially unconstitutional: first, that the statute is "overbroad" in violation of the First Amendment, chilling constitutionally protected speech undertaken by the plaintiffs and others; second, that FOSTA is impermissibly vague such that it does not provide fair notice of what it prohibits, violating the due process clause of the Fifth Amendment; third, that FOSTA violates the First Amendment by selectively removing Section § 230 immunity for the hosting of content while leaving intact immunity for removal of content; fourth, that FOSTA violates the First Amendment by discriminating against certain types of speech and lacking a sufficient justification for such discrimination to survive strict scrutiny; fifth,

---

[5] In conjunction with their motion for summary judgment, plaintiffs did submit a statement of facts accompanied with a number of supporting affidavits. *See* Pls.' Statement of Facts & Ex. A–I [Dkt. # 34-2 to -15]. However, these facts and affidavits are material only to establishing plaintiffs' ongoing standing—which defendants do not challenge—and the entitlement of plaintiffs to injunctive relief should they prevail on the merits. Because, as explained below, I find that plaintiffs' facial constitutional claims are without merit, there is no need to address the facts underpinning plaintiffs' request for injunctive relief.

that FOSTA lacks a sufficient scienter requirement in either § 2421A or the amendments to § 1591, leading to an impermissibly broad sweep of liability; and sixth and finally, that FOSTA's amendments to Section 230 permitting liability for conduct occurring prior to the statute's enactment violate the Ex Post Facto Clause of the Constitution. As discussed in detail below, I find that plaintiffs have failed to establish that FOSTA is unconstitutional for any of the first five reasons listed. Moreover, on plaintiffs' sixth claim, the Court cannot provide any meaningful remedy to the plaintiffs notwithstanding any merit to their claim, as no named defendant could possibly be in a position to enforce the challenged provision of FOSTA. Plaintiffs' sixth claim therefore must be dismissed as well.

## I.      Overbreadth

Plaintiffs' primary challenge to FOSTA is that it is facially overbroad, in violation of the First Amendment. More specifically, plaintiffs argue that the statute's language—in particular the newly added § 2421A—is broad enough to encompass, and therefore chill, a large swath of First Amendment–protected speech undertaken by the plaintiffs and others. For example, plaintiffs contend that their advocacy work or the discussions conducted in forums hosted on websites like Rate That Rescue constitute protected speech while at the same time coming within the Act's prohibition on "promot[ing]" or "facilitat[ing]" prostitution. *See generally* Pls.' Mem. in Support of Mot. for Summ. J. at 19–22 [Dkt. # 34-1].

The doctrine of overbreadth is unique to the First Amendment context, allowing plaintiffs to bring a facial challenge to government regulation of "spoken words" as well

as other "expressive or communicative conduct" based on the chilling effect of that regulation on others. *Broadrick v. Oklahoma*, 413 U.S. 601, 612–13 (1973).  Though it has approved of such challenges over time, the Supreme Court has simultaneously been careful to note that granting a claim of overbreadth is "'strong medicine' [that should be] employed . . . with hesitation, and then 'only as a last resort.'" *L.A. Police Dep't v. United Reporting Pub. Corp.*, 528 U.S. 32, 39 (1999) (quoting *New York v. Ferber*, 458 U.S. 747, 769 (1982)).  In particular, the Court has noted that "invalidating a law that in some of its applications is perfectly constitutional—particularly a law directed at conduct so antisocial that it has been made criminal—has obvious harmful effects." *United States v. Williams*, 553 U.S. 285, 292 (2008).  For this reason, the Supreme Court has "vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep," for the statute to be declared facially unconstitutional on this basis. *Id.*

In undertaking this analysis of whether the challenged statute sweeps substantially too far, the "first step" for this Court is "to construe the challenged statute" because "it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Id.* at 293; *see also United States v. Stevens*, 559 U.S. 460, 473 (2010) (noting, in overbreadth context, that "the constitutionality of [the challenged statute] hinges on how broadly it is construed"); *United States v. Hillie*, 14 F.4th 677, 685 (D.C. Cir. 2021) (noting that proper interpretations of challenged statutes "were necessary antecedents to determining whether the statutes at issue . . . were overbroad").  Unfortunately for the

11

plaintiffs, it is at this first stage that their overbreadth claim runs into trouble, because that claim is premised on a reading of FOSTA that is untethered from the language of the statute or its context.  As explained in more detail below, proper application of the tools of statutory construction to FOSTA's language instead leads to the conclusion that FOSTA's "plainly legitimate sweep"—the range of its hypothetical applications covering only unprotected activity—comprises all, or at worst the vast majority, of potential applications of the statute.  As a result, when correctly interpreted, FOSTA cannot reasonably be labeled overbroad, and plaintiffs' claim to the contrary must be rejected.  How so?

Proper interpretation of FOSTA begins with its text.  And because plaintiffs' overbreadth challenge centers on the newly enacted § 2421A, the analysis starts there.  As stated above, that section imposes liability on anyone who "owns, manages, or operates an interactive computer service . . . with the intent to promote or facilitate the prostitution of another person."  *See* 18 U.S.C. § 2421A(a); *see also* FOSTA § 3(a), 132 Stat. at 1253. Plaintiffs argue, in essence, that the intent element in § 2421A is vaguely worded and accordingly sweeps far too wide.  With neither "promote" nor "facilitate" expressly defined in the Act, plaintiffs turn immediately to those verbs' bare dictionary definitions, *i.e.*, "to make easier," *see Woodhull II*, 948 F.3d at 372, to claim that liability under FOSTA could be imposed on any internet service that would make prostitution easier in any way. However, as explained in my prior opinion in this case concerning plaintiffs' standing, as well as in Judge Katsas's concurrence on the same issue, "promote" and "facilitate" are not verbs inserted into the U.S. Code without context.  Indeed, it is that context—both from

12

within FOSTA itself and from background criminal-law interpretive principles—that serve to narrow these terms such that the Act itself is not overbroad.  *Cf. United States v. Abuelhawa*, 556 U.S. 816, 819–20 (2009) ("[B]ecause statutes are not read as a collection of isolated phrases . . . [a] word in a statute may or may not extend to the outer limits of its definitional possibilities." (citations omitted)).

First, the relevant promotion and facilitation that is encompassed by the statute is not that of the general concepts of sex work or prostitution, as plaintiffs contend.  Instead, as I noted in my previous opinion, FOSTA contains textual indications that make it quite clear that the Act targets the promotion and facilitation only of *specific instances* of prostitution: it is not a crime to operate an internet service with the intent to "promote . . . prostitution" as a general matter, as plaintiffs would read it, but instead to promote (or facilitate) the "prostitution of another person."  *See Woodhull I*, 334 F. Supp. 3d at 200; *see also Woodhull II*, 948 F.3d at 375 (Katsas, J., concurring in part and concurring in the judgment) ("FOSTA focuses not on prostitution as an abstract legal or policy matter, but on 'the prostitution of another person'—a widely criminalized act involving the exchange of sex for money . . . .").[6]

---

[6] This conclusion is only strengthened by the existence of FOSTA's affirmative defense, which allows a defendant to avoid liability on the basis that "promotion or facilitation of prostitution" is legal in the jurisdiction at which that conduct was targeted; because the forms of generalized advocacy, harm-reduction, and other discussion that plaintiffs allege are encompassed by the language of § 2421A *could not be illegal* in any jurisdiction—and plaintiffs certainly have not tried to contend as much—it is either the case that this affirmative defense swallows the entire statute, or that "promotion or facilitation of prostitution" must be a narrower category of activity than plaintiffs contend.

13

Moreover, in this statutory context, the verbs in question, "promote" and "facilitate," are not necessarily to be read as coterminous with their dictionary definitions. *See Abuelhawa*, 556 U.S. at 819–20.  As Judge Katsas noted, "promotion" of prostitution is an established term in the criminal law, meaning "to pander or pimp" such as by "recruiting a prostitute or soliciting prospective customers." *Woodhull II*, 948 F.3d at 375 (Katsas, J., concurring in part and concurring in the judgment) (citing *Pandering*, BLACK'S LAW DICTIONARY, (10th ed. 2014) ("The act or offense of recruiting a prostitute, finding a place of business for a prostitute, or soliciting customers for a prostitute.—Also termed promoting prostitution.")).  And the Supreme Court has previously interpreted the verb "facilitate" in the criminal law context, noting that in such statutes, it is synonymous to aiding or abetting.  *See Abuelhawa*, 556 U.S. at 819; *cf. Hillie*, 14 F.4th at 686 ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.").  Indeed, and again as Judge Katsas noted, Congress's use in FOSTA of the specific phrasing of "promote or facilitate" mirrors exactly "the canonical formulation for the offense of aiding and abetting," *Woodhull II*, 948 F.3d at 375 (Katsas, J., concurring in part and concurring in the judgment), that is, to provide assistance "with the intent thereby to *promote or facilitate* commission of the crime," *see Rosemond v. United States*, 572 U.S. 65, 74 (2014) (emphasis added).

Taking these two interpretive steps together, then, it becomes clear that the scope of § 2421A is in fact far more limited than under the reading propounded by the plaintiffs.

14

Rather than target advocacy, debate, or discussion, FOSTA is narrowly tailored to those services that are owned, operated, or managed with the intent to aid, abet, or assist specific instances of prostitution. Far from encompassing a substantial portion of protected speech, then, FOSTA's scope is limited to legitimately criminal activity. In light of this conclusion, plaintiffs' claim of overbreadth must fail.

Plaintiffs contend that I should instead follow the path recently taken by the Fourth Circuit in *United States v. Miselis*, 972 F.3d 518, 535–37 (4th Cir. 2020), in which that Court agreed in part with an overbreadth challenge to the federal Anti-Riot Act, 18 U.S.C. § 2101. That statute criminalizes, among other things, travel or use of a facility in interstate or foreign commerce with "intent . . . to organize, promote, [or] encourage . . . a riot." 18 U.S.C. § 2101(a)(2). The Fourth Circuit concluded that in the context of the Anti-Riot Act, criminalization of an intent to "promote" or to "encourage" a riot rendered the statute overbroad. The Fourth Circuit commenced its analysis by noting that "mere encouragement is quintessential protected advocacy," citing the Supreme Court's past holding that "[t]he mere tendency of speech to encourage unlawful acts is not a sufficient reason for banning it." *Miselis*, 972 F.3d at 536 (citing *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 253 (2002)). Turning to "promote," the Fourth Circuit noted its "wide range of meanings depending on context" but concluded that "in the context of an enterprise of a riot," the verb was "best understood" to take on a definition akin to "encourage," and thus its use in the Anti-Riot Act rendered that statute overbroad. *Id.* In reaching that conclusion, the court rejected the Government's contention that "promote" was "readily susceptible"

15

to a limiting construction as the Supreme Court had found in *United States v. Williams* (and, as discussed above, I do here). *Id.* at 537 (citing *Williams*, 553 U.S. at 294–95). In *Williams*, a challenge to a child pornography statute, 18 U.S.C. § 2252A, the Supreme Court had rejected an overbreadth claim in part due to the "transactional connotation" in which the verb "promote" appeared. *Williams*, 553 U.S. at 294–95. In contrast, in *Miselis* the Fourth Circuit found that similar reasoning would be "inapposite in the context of the Anti-Riot Act, where the object of the promotional speech—the 'riot' defined under [18 U.S.C.] § 2102(a)—is wholly non-transactional, and can't materialize until a sufficient number of people are persuaded to show up at a certain future time and place and engage in lawless conduct." *Miselis*, 972 F.3d at 537. Instead, the court concluded that "promote" as used in the context of the Anti-Riot Act "refers to abstract advocacy." *Id.*

Even to the extent it is correct, however, the Fourth Circuit's reasoning does not lend itself to wholesale application to the merits of plaintiffs' present challenge to FOSTA. Whereas the statutory context of the Anti-Riot Act—including the verbs included alongside "promote" and the very nature of the criminal conduct being so promoted—was found by the Fourth Circuit to lead to an interpretation of promote that impinged on protected speech, the statutory context of FOSTA points in the opposite direction. As noted above, FOSTA's prohibition is tailored toward specific instances of illegal prostitution, and "promote or facilitate," the exact phrase used in FOSTA, is best read as synonymous with traditional principles of aiding-and-abetting liability. A limiting construction of § 2421A, to encompass only such aiding and abetting of specified instances of criminal conduct, is thus

16

readily available to the Court, and for that reason I find unpersuasive plaintiffs' reliance on *Miselis* as a basis to hold FOSTA unconstitutional.[7]

Plaintiffs also contend that the prior decision of our Court of Appeals as to plaintiffs' standing in this case precludes my holding that § 2421A is susceptible to the narrowing construction I endorse above. I disagree. Indeed, I find that plaintiffs' argument not only overreads the majority's opinion, but also ignores Judge Katsas's concurrence. More specifically, while the majority did point out that FOSTA's language, including the "promote or facilitate" elements discussed above, *could* be read to sweep broadly "when considered in isolation," *Woodhull I*, 948 F.3d at 372, the panel did so in the context of its analysis of plaintiffs' standing to bring a pre-enforcement challenge. That standing analysis merely requires considering whether plaintiffs have established that they engage in activities "arguably" within the scope of the challenged statute, *see SBA*, 573 U.S. at 164, *not* that the statute does in fact prohibit the alleged activities. As such, the majority was not determining the precise scope of what FOSTA proscribes, but rather whether plaintiffs' broad reading of FOSTA was "arguably" a valid one. In short, the majority did not decide how FOSTA *should* be construed, only how it *could* be construed. To that end, the narrowing construction of the law discussed above was neither endorsed, nor rejected,

---

[7] For much the same reason, my conclusion on the constitutionality of FOSTA is not affected by the recent decision of the Ninth Circuit in *United States v. Hansen*, 25 F.4th 1103, 1107–09 (9th Cir. 2022), in which that court found unconstitutional a statute that imposes criminal liability on anyone who "encouraged or induced an alien to 'enter[] or reside in the United States . . . in violation of law.'" *Id.* at 1108 (quoting 8 U.S.C. § 1324 (a)(1)(A)(iv)). Like the Fourth Circuit in *Miselis*, the Ninth Circuit concluded that the relevant immigration law lacked the types of textual and contextual indicators that would provide for a narrowing construction sufficient to avoid constitutional difficulty. *Id.* Indeed, the Ninth Circuit specifically noted that a *separate* provision in the statute provided for aiding and abetting liability such that the challenged "encourage" and "induce" language should not be read to take on that meaning. *Id.* In contrast, here I find that "promote or facilitate" as used in § 2421A are best understood as equivalents to aiding and abetting.

by the majority's opinion.  Indeed, in his concurrence, Judge Katsas expressly stated that the majority did not purport to construe the statute for anything other than the standing analysis, noting instead that the plaintiffs' preferred reading was only "identif[ied] . . . as at least one possible reading of FOSTA."  *Woodhull II*, 948 F.3d at 375 (Katsas, J., concurring in part and concurring in the judgment).  Judge Katsas wrote separately specifically to indicate that he viewed the plaintiffs' reading ultimately as untenable, even if he did also agree that the plaintiffs had standing under his narrower reading.  I therefore find that plaintiffs are incorrect in arguing that I am precluded from reading FOSTA so narrowly: our Court of Appeals did not take any position on that reading of FOSTA, and indeed Judge Katsas expressly adopted it.

As such, a proper construal of FOSTA leads to the conclusion that it is narrowly tailored toward prohibiting activity that effectively aids or abets specific instances of prostitution.  I therefore have no trouble finding that its legitimate sweep, encompassing only conduct or unprotected speech integral to criminal activity, predominates any sweep into protected speech—indeed, under the narrow construal above, I do not read FOSTA to possibly prohibit *any* such protected speech, much less a sufficient amount so as to render the Act overbroad.[8]  Plaintiffs' claim to the contrary must be dismissed.

---

[8] And, of course, my decision as to the merits of a facial, pre-enforcement challenge to the entirety of FOSTA does not preclude a future, as-applied challenge to the statute were the Government to reach beyond the statute's focus and attempt to prosecute protected speech.  I hold today only that the statute's language, properly construed, is not facially overbroad as defined by the Supreme Court.

## II.    Plaintiffs' Additional First and Fifth Amendment Challenges

Though overbreadth is the primary basis on which plaintiffs challenge FOSTA, plaintiffs have also raised a number of other theories rooted in the First and Fifth Amendments as to why the Act is facially unconstitutional.  However, these theories too are unpersuasive: they depend in large part on the same overbroad reading of FOSTA that I rejected above.  As such, I will briefly explain my specific disagreement with each of these claims below.

### a.    Void for Vagueness

First, plaintiffs allege that FOSTA is void for vagueness under the Due Process Clause of the Fifth Amendment.  "[A]n enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  The doctrine applies to any statute that "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Williams*, 553 U.S. at 304.  Though these concerns are heightened "where a vague statute abuts upon sensitive areas of basic First Amendment freedoms," *Grayned*, 408 U.S. at 109, the Supreme Court has at the same time cautioned that "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity," *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989).

Here, plaintiffs' vagueness claims against FOSTA rest in substantial part on their construction of § 2421A, which, I have already concluded, misreads the key terms of that section.  Properly construed, § 2421A provides clear notice of the type of conduct

prohibited—or, more precisely, clear notice of the intent necessary to come within the statute's scope. Read within the criminal law context in which they appear, the statute's requirement of intent to "promote or facilitate" a specific instance of prostitution is sufficiently clear for purposes of providing notice to the ordinary person; moreover, there is no additional and independent obligation on Congress to define these or other similarly well-established statutory terms.[9]

Beyond the trouble with plaintiffs' reading of the challenged provisions, plaintiffs' vagueness concerns are further undercut by the presence of the heightened scienter requirements throughout FOSTA's prohibitions. *See Nat'l Ass'n of Manufacturers v. Taylor*, 582 F.3d 1, 27 (D.C. Cir. 2009) ("A scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."). Each restriction contained in FOSTA requires proof of at least knowledge, *see* 18 U.S.C. § 1591(e)(4) (requiring proof of "knowingly" assisting, supporting, or facilitating a violation of § 1591(a)), with the main substantive prohibitions requiring the even higher bar of proof of specific intent, *see id.* § 2421A(a), (b) (requiring proof of "intent to promote or facilitate the prostitution of another person"); *id.* § 2421A(b)(2) (requiring proof of "intent to promote or facilitate the prostitution of another

---

[9] Plaintiffs also suggest that the phrases "contribute to sex trafficking," as used in § 2421A(b)(2) (the aggravated offense), and "participation in a venture," as used in both § 1591(a)(2) and § 1595, are unlawfully vague. Neither contention has merit. "Sex trafficking" for purposes of § 2421A(b)(2) is necessarily narrowed by that provision's cross-reference to § 1591(a)—where the violation in question is defined—while, again read properly in context, "contribute" is not so vague as to fail to provide notice. And second, "participation in a venture" is a defined term under § 1591(e)(4) and § 1591(a)(1) by cross-reference: the statutory definition requires knowing assistance or support of the well-defined criminal activity prohibited by § 1591(a)(1). As explained *infra*, section II.d, the terms contained in FOSTA's definition of participation in a venture are established synonyms in the criminal law for material support. In sum, neither of these additional identified phrases are vague so as to render FOSTA facially defective.

person" *plus* "reckless disregard of the fact that such conduct contributed to sex trafficking"). Requiring such evidence of *mens rea* serves to further protect against discriminatory enforcement while also vastly reducing the risk of prosecution for guiltless behavior. In short, I find FOSTA's language to easily clear the bar of providing constitutionally required notice of its scope, while the heightened scienter requirements contained in the statute further mitigate any risk of the harms protected against by the void-for-vagueness doctrine.

### b. Selective Removal of Immunity

Plaintiffs next claim that FOSTA is violative of the First Amendment due to its "selective" removal of Section 230 immunity. More specifically, plaintiffs take issue with the fact that FOSTA removes immunity for violations of FOSTA's substantive provisions under § 230(c)(1)—that is, for treatment of an interactive computer service as a publisher or speaker of content—while leaving intact those services' § 230(c)(2) immunity for "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected." *See* 47 U.S.C. § 230(c). To plaintiffs, this choice encourages an overbroad censoring and removal of content, with platforms facing liability for allowing certain content on their sites but no reciprocal liability for removing too much content. *See, e.g.*, Compl. ¶ 163. While this claim may plausibly encapsulate the incentives created by this section of FOSTA, plaintiffs cannot point to a First Amendment principle that, generally

speaking, restricts Congress's ability to re-balance the provision of an immunity it conferred in the first place (excepting, of course, more specific First Amendment principles such as content-based discrimination).   Plaintiffs instead appear to raise this claim in conjunction with their broader overbreadth and vagueness claims—*i.e.*, because FOSTA's scope of liability is, according to the plaintiffs, so poorly defined, platforms will be *especially* incentivized to cull as much material in FOSTA's domain from their pages as possible to avoid any chance of liability.   These broader claims fail for the reasons discussed above, and plaintiffs' additional arguments concerning the policy implications of removing immunity for some actions but not others cannot on their own support a facial First Amendment challenge.

### c.  Viewpoint Discrimination

Plaintiffs also challenge FOSTA on more distinct First Amendment grounds than those above, arguing that the Act discriminates against certain types of speech and fails the strict scrutiny to which such content-based regulation is subject.   However, this argument falls short because FOSTA, on its face, is not a direct regulation of speech.   As discussed above, FOSTA's provisions at most *implicate* speech by imposing restrictions on internet services, which, among other things, may provide a forum or serve as a medium for speech. In other words, FOSTA "serves purposes unrelated to the content of expression"—that is the regulation of activity related to, and specifically the use of the internet in service of, instances of illegal prostitution and sex trafficking—and thus its effect on speech is inherently content neutral.   *See Ward*, 491 U.S. at 791 ("Government regulation of

expressive activity is content neutral so long as it is '*justified* without reference to the content of the regulated speech.'" (quoting *Clark v. Community for Creative Non–Violence*, 468 U.S. 288, 293 (1984)); *see also A.N.S.W.E.R. Coal. v. Basham*, 845 F.3d 1199, 1208–09 (D.C. Cir. 2017). Though FOSTA may well implicate speech in achieving its separate purpose, such an indirect effect does not provide a basis for strict scrutiny: "even if [a law] has an incidental effect on some speakers or messages but not others," it is to be treated as content neutral. *A.N.S.W.E.R. Coal.*, 845 F.3d at 1210 (quoting *Ward*, 491 U.S. at 791). Plaintiffs' contention to the contrary rests, again, primarily on their overreading of § 2421A. As discussed above, FOSTA does not purport to regulate the use of the internet to host the generalized "promotion" of prostitution as a concept, including via advocacy, and thus FOSTA does not enact a government regulation of speech that takes a "pro-prostitution" stance, as plaintiffs suggest. Instead, FOSTA prohibits only a much narrower range of activity, that which can be shown to aid or abet specific instances of prostitution: while the former type of legislation could be viewed as targeting the source of certain messages but not others, the latter is quite clearly justified by purposes wholly related to any expressive content. As a result, plaintiffs' claim that FOSTA fails strict scrutiny must also be rejected.[10]

---

[10] Plaintiffs raised the argument that FOSTA fails even lesser forms of scrutiny only in their response to the Government's cross-motion, *see* Pls. Opp. to Defs.' Mot. for Summ. J. ("Pls.' Opp.") [Dkt. # 38] at 33–34, and their Complaint contains no suggestion that plaintiffs challenge the Act on this basis, and thus the Court need not address such a claim. *See, e.g.*, *District of Columbia v. Barrie*, 741 F.Supp.2d 250, 263 (D.D.C. 2010) ("It is well established that a party may not amend its complaint or broaden its claims through summary judgment briefing.") In any event, plaintiffs' claim based on intermediate scrutiny is unpersuasive, for it relies on the same misreading of § 2421A to argue that FOSTA does not have the requisite "close fit between means and ends." Pls. Opp. at 34. Construed correctly, FOSTA is narrowly targeted at a band of conduct that materially advances specific instances of illegal prostitution; it does not sweep beyond that purpose in any manner sufficient to trigger First Amendment concern.

### d. "Deficient Scienter"

Plaintiffs' final claim under the First or Fifth Amendments is a slightly narrower version of their overbreadth and vagueness arguments: they argue that FOSTA does not include a sufficient scienter requirement in § 2421A or its amendments to § 1591, leading to an impermissibly broad sweep of liability in a First Amendment–protected area.[11]  Like plaintiffs' other claims, however, this argument rests on a misreading of the statute. Indeed, contrary to plaintiffs' contention, both of the challenged sections include at least a requirement of proof of knowledge for conviction.  Specifically, in any prosecution under § 2421A, the Government is required to show that the defendant acted with specific intent, that is "with the intent to promote or facilitate the prostitution of another person."[12] Plaintiffs argue that this intent standard is undefined due to the breadth and vagueness of "promote" or "facilitate," but, of course, this claim amounts to little more than a reframing of the vagueness and overbreadth arguments disposed of above.  Those terms have clear meanings that provide for a sufficiently specific intent element for FOSTA to withstand this form of First Amendment scrutiny.

Likewise, plaintiffs' argument about the scienter contained in § 1591 also rests on their concern about vague verbs.  Section 5 of FOSTA adds a definition of "participation

---

[11] This claim is based in part on obscenity cases where the Supreme Court struck down statutes imposing, for example, strict liability for the sale of obscene books. *See, e.g., Smith v. California*, 361 U.S. 147, 153–54 (1959).

[12] The plaintiffs also suggest that the aggravated version of § 2421A—which imposes a heightened sentence in certain circumstances—actually has a lower *mens rea* than the main offense because it can be imposed where a defendant "acts with reckless disregard of the fact" that his conduct contributed to sex trafficking.  But this argument is deeply flawed: the cited reckless disregard element is imposed *on top of* the required proof of intent to promote or facilitate prostitution that is contained in the base offense.

24

in a venture" to § 1591, defining the term as "knowingly assisting, supporting, or facilitating" a criminal sex-trafficking violation as defined in subsection (a)(1) of § 1591. *See* 18 U.S.C. § 1591(a)(1), (e)(4).  Before this addition, § 1591 criminalized knowingly benefitting from participation in a venture, and plaintiffs suggest that the additional verbs in the new definition serve to in fact expand the scope of criminalized participation, even as they provide greater definition.  But the new verbs—including, once more, facilitating—are analogues to aiding and abetting in this criminal law context; they do not, as plaintiffs suggest, capture such a broad and undefined scope of conduct that a defendant could unwittingly be violating this provision.   Section 1591 thus continues to include a sufficiently defined scienter requirement of knowledge of the illegal conduct in question; as with § 2421A, this element is more than enough for the amended § 1591 to pass constitutional muster.

### III.    Ex Post Facto Liability

Lastly, moving outside of the context of the First and Fifth Amendments, plaintiffs ask this Court to declare the Act unconstitutional on its face as violating the Constitution's Ex Post Facto Clause, *see* U.S. Const. art. I, § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed.").  Plaintiffs make this claim on the basis that § 4(b) notes that FOSTA's amendments to the grants of immunity contained in Section 230 "shall apply regardless of whether the conduct alleged occurred, or is alleged to have occurred, before, on, or after such date of enactment."  FOSTA § 4(b), 132 Stat. at 1254–55.  As discussed above, the Act's amendments to Section 230 are provided for in FOSTA § 4(a), which

clarify that certain grants of immunity to interactive computer services in Section 230 do not extend to civil suits brought pursuant to 18 U.S.C. § 1595 or to state criminal prosecutions where the underlying conduct would constitute a violation of either § 2421A or § 1591. *See id.* § 4(a), 132 Stat. at 1254. Plaintiffs argue, therefore, that the challenged FOSTA provision effectively exposes interactive computer services to retroactive liability for conduct previously immunized by Section 230, violating the Ex Post Facto Clause. *See* U.S. Const. art. I, § 9, cl. 3; *see also United States v. Alvaran-Velez*, 914 F.3d 665, 668 (D.C. Cir. 2019) ("Any 'law that changes the punishment, and inflicts a greater punishment[] than the law annexed to the crime[] when committed,' is an ex post facto law." (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798))).

To its credit, the Government does not squarely dispute the merits of this argument. *See generally* Gov't Cross-Mot. for Summ. J. at 36–37. Indeed, in a letter to Congress during the drafting of FOSTA, the Department of Justice expressed concern that any retroactive application of FOSTA's amendment of Section 230 would run afoul of the Ex Post Facto Clause: the Government noted that "insofar as [FOSTA] would 'impose[] a punishment for an act which was not punishable at the time it was committed' or 'impose[] additional punishment to that then prescribed,'" it would offend the Ex Post Facto clause. *See* 164 Cong. Rec. H1297 (daily ed. Feb. 27, 2018) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325–26 (1867)). Rather than dispute the substance of plaintiffs' constitutional concerns in this respect, the Government instead argues that plaintiffs cannot rely on a hypothetical violation of the Ex Post Facto Clause to bring a facial pre-

26

enforcement challenge to FOSTA. The Government contends that such claims may be brought only on an as-applied basis, once a defendant faces a specific enforcement action that it claims is unconstitutional.

Here, however, I need not decide whether the Government is correct that facial, pre-enforcement challenges based on the Ex Post Facto Clause are *per se* barred. This is so because in this case, plaintiffs seek injunctive relief only against defendants comprising the federal law enforcement community, asking the Court to enjoin them from enforcing FOSTA. By the Act's plain terms, however, any enforcement of § 4(b)—the provision claimed to be a violation of the Ex Post Facto Clause—would be undertaken by parties not before the Court. Indeed, any retroactive application of FOSTA would be initiated instead either by private plaintiffs bringing civil suits under 18 U.S.C. § 1595 or by state law enforcement bringing prosecutions pursuant to state criminal laws. *See* FOSTA § 4(a), 132 Stat. at 1254. "[A] federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions," but "no court may 'lawfully enjoin the world at large,'" or even "challenged laws themselves." *Whole Women's Health v. Jackson*, 145 S. Ct. 522, 535 (2021) (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (Learned Hand, J.)). As such, without a named defendant before me who could even hypothetically undertake enforcement of FOSTA in a manner that would violate the Ex Post Facto Clause, I cannot provide the plaintiffs with any relief, and this claim must be dismissed as well.

## CONCLUSION

For the foregoing reasons, defendants' cross-motion for summary judgment is **GRANTED,** plaintiffs' motion for summary judgment is **DENIED**, and this case is **DISMISSED**.   A separate order consistent with this decision accompanies this Memorandum Opinion.


RICHARD J. LEON
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WOODHULL FREEDOM FOUNDATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Case No. 18-1552 (RJL) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER
March 29, 2022 [Dkt. ## 34, 35, 50]

**THIS CASE** comes before the Court upon plaintiffs' Motion for Summary Judgment [Dkt. # 34] and defendants' Cross-Motion for Summary Judgment [Dkt. # 35].

**UPON CONSIDERATION** of the motions, the pertinent portions of the record, and being otherwise fully advised on the matter, it is hereby

**ORDERED** that, for the reasons stated in the accompanying Memorandum Opinion, defendants' Cross-Motion for Summary Judgment [Dkt. # 35] is **GRANTED**; plaintiffs' Motion for Summary Judgment [Dkt. # 34] is **DENIED**; and plaintiffs' Motion for Hearing [Dkt. # 50] is **DENIED** as moot.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge